### FACSIMILE RECEIPT CERTIFICATE

*HURRICANE WORK LLC*

*Versus*

*QUERBES & NELSON, ET AL*



Case: 073670
Division:
11th Judicial District Court
Parish of Sabine
State of Louisiana

TO:  *MARTIN K MALEY SR*
*P.O. BOX 3154*
*BATON ROUGE, LA 70821*

*VIA FAX 1-225-346-6788*

*CERTIFICATE*

*THIS IS TO CERTIFY that a PETITION FOR DECLARATORY JUDGMENT & DAMAGES was transmitted by*

*facsimile from your office to the Sabine Parish Clerk of Court fax line 318-256-9037 and 12 total pages were*

*received and marked filed and received on FEBRUARY 13, 2025 in the above captioned matter.*

*Thus done and signed at Many, Sabine Parish, Louisiana, on this the 13TH day of FEBRUARY, 2025.*

*Atty:*

*Shelly Salter*
*Clerk of Court*

_____
*By: Deputy Clerk of Court*

_____

Louisiana R.S. 13:850.  Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.  Any paper in a civil action may be filed with the court by facsimile transmission.  All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions.  Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court.  The facsimile when filed has the same force and effect as the original.

B.  **Within seven days,** exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document **shall forward** the following to the clerk:

(1)  The original signed document.

(2)  The applicable filing fee, if any.

(3)  A transmission fee of five dollars.

C.  If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.  The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

*REMIT $__850.00____ plus $5 transmission fee.*

**[ FILED COPY ]**

EXHIBIT A

**STATEMENT**

## Clerk of Court - Sabine Parish

**Shelly Salter**
Clerk of Court

11th  Judicial District

P.O. BOX 419
Many, LA  71449
Phone : (318) 256-6223

| Statement Date | Case Number | Amount Due |
|---|---|---|
| 02/14/2025 | 073670 | $67.00 |

**Attorney Firm :**  MARTIN K. MALEY APLC

**Attorney Name :**  MALEY, MARTIN K SR

**IN RE :**

HURRICANE WORK LLC
VS.
QUERBES & NELSON

**Party :**  Plaintiff - HURRICANE WORK LLC

| Date | Description | Amount |
|---|---|---|
| 02/14/2025 | Court costs to date in above entitled numbered matter | $67.00 |
| | Refunds | $0.00 |
| | Advance Deposit | $0.00 |
| | Balance | $67.00 |
| | Advance Deposit Required | $0.00 |
| | Total Due | $67.00 |

Thank You

MARTIN K. MALEY APLC
P.O. BOX 3154
BATON ROUGE, LA 70821

Explanation of costs available at www.sabineparishclerk.com
Case Number: 073670 Transaction Date: 2/14/2025 Seq: 65 Page Sequence: 1

# MARTIN K. MALEY, APLC

### Attorneys & Counselors

Martin K. Maley, Sr.
William Maley, Staff Attorney
Erica Higginbotham, Secretary
Miranda Miller, Paralegal

Telephone: 225-346-6781
Facsimile: 225-346-6788

*Of Counsel:*
Stephen M. Irving
Anthony "Tony" G. Falterman

RECEIVED AND FILED

73670

## FACSIMILE TRANSMITTAL SHEET

2025 FEB 13 P 2: 35

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

**Date:** 2/13/2025

**To:** 11th JDC Clerk of Court

**Fax Number:** 318-256-9037

**From:** Miranda Miller – mlflegal_paralegal@eatel.net

**RE:** Hurricane Work, LLC vs. Querbes Nelson, A Partnership, et al.

**Pages:** 12

**COMMENTS:**

CONFIDENTIALITY NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION AND ANY DOCUMENTS ACCOMPANYING IT MAY CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE TO ARRANGE FOR THE RETURN OF THE DOCUMENTS.

*Mailing Address: MALEY LAW FIRM, P. O. BOX 3154, BATON ROUGE, LA 70821*
*Email: mkmaley@eatel.net  Website: www.maleylawfirm.net*
*Physical Offices: Baton Rouge, Port Allen, Napoleonville*

# MARTIN K. MALEY, APLC
### Attorneys & Counselors

Martin K. Maley, Sr.
William Maley, Staff Attorney
Erica Higginbotham, Secretary
Miranda Miller, Paralegal

Telephone: 225-346-6781
Facsimile: 225-346-6788

*Of Counsel:*
Stephen M. Irving
Anthony "Tony" G. Falterman

RECEIVED AND FILED

February 14, 2025

2025 FEB 18  P 2: 06

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

**Via FedEx:** 772068086879

Honorable Shelly Salter
Sabine Parish Clerk of Court
400 South Capitol Street, Room 102
Many, LA 71449

Re: Hurricane Work, LLC vs. Querbes & Nelson, et al
    Docket No. 073670, Div.
    Parish of Sabine, State of Louisiana

Dear Clerk:

Enclosed, please find the original pleading in the matter, which was fax filed with your office on February 13, 2025. Also, please find our firm's check in the amount of $855.00, which will cover the cost of the filing fee, service, and transmission fee.

Once filed, please return a stamp filed copy to my office, using the enclosed envelope.

Should you need anything further, please contact Erica Higginbotham, who will be happy to assist you.

With kind regards, I remain,

Sincerely,

*Martin K. Maley, Sr.*
Martin K. Maley, Sr.

Enclosures

*Mailing Address: MALEY LAW FIRM, P. O. BOX 3154, BATON ROUGE, LA 70821*
*Website: www.maleylawfirm.net   Physical Offices: Baton Rouge, Port Allen, Napoleonville*

RECEIVED AND FILED

2025 FEB 13 P 2: 35

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

HURRICANE WORK, LLC                    : NUMBER: 73670 DIV:

                                       : 8TH JUDICIAL DISTRICT COURT
v.

                                       : PARISH OF SABINE

QUERBES & NELSON, A                    : STATE OF LOUISIANA
PARTNERSHIP, ET AL

---

### PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Hurricane Work, LLC, (hereafter referred to as "Hurricane") a limited liability company created under the laws of Puerto Rico, solely doing business in Puerto Rico, whose corporate office is in Louisiana, in the Parish of Sabine, who with respect represents the following:

#### NAMED DEFENDANTS HEREIN

1) **QUERBES & NELSON, A PARTNERSHIP**; and

2) **NELSON HOLDINGS PARTNERSHIP**; and

3) **QUERBES & NELSON, INC**; and

4) **PEACHTREE SPECIAL RISK BROKERS, LLC**; and

5) **NAVIGATORS INSURANCE COMPANY.**

1.

Plaintiff HURRICANE WORK, LLC, hereafter ("HURRICANE") a limited liability company created under the laws of Puerto Rico, solely doing business in Puerto Rico, but its corporate office and headquarters, is in the Parish of Sabine, State of Louisiana. The events which are set forth below occurred in Louisiana in Sabine Parish, and the insurance policy at issue was delivered to Plaintiff in Sabine Parish, on a Louisiana insurance policy form.

2.

Named defendants herein are QUERBES & NELSON, A PARTNERSHIP, an entity created under the laws of an unknown jurisdiction, possibly Louisiana, that is licensed as an insurance producer by the Louisiana Department of Insurance, and does or did business in Caddo Parish, Louisiana; NELSON HOLDINGS PARTNERSHIP a partnership created under the law of Louisiana, headquartered in and is doing business is the State of Louisiana in Caddo Parish which

Page 1 of 11

entity may be an alternate name for, or successor entity of defendant QUERBES & NELSON, A PARTNERSHIP; and QUERBES & NELSON INC. QUERBES & NELSON INC is a Louisiana corporation doing business in Caddo Parish which is alternatively alleged to be a successor entity to defendant QUERBES & NELSON, A PARTNERSHIP and/or to have done business with Plaintiff as defendant QUERBES & NELSON, A PARTNERSHIP. These entities will hereafter be referred to collectively as "QUERBES & NELSON" unless specifically stated otherwise. PEACHTREE SPECIAL RISK BROKERS LLC (hereafter "PEACHTREE") is an entity created under the laws of the State of Georgia which has qualified to do business in the State of Louisiana and on information and belief has been licensed as an insurance producer by the State of Louisiana under the name PEACHTREE SPECIAL RISK, LLC. Also, a named Defendant is NAVIGATORS INSURANCE COMPANY, hereafter "Navigators." Navigators is a foreign insurance company domiciled in the State of New York that is admitted to and doing business in the State of Louisiana.

3.

Plaintiff, HURRICANE, contracted with QUERBES & NELSON beginning approximately 2018 to purchase insurance for its business operations. HURRICANE was created to do work in Puerto Rico and exclusively does business in Puerto Rico even though its corporate headquarters is in Louisiana. Through QUERBES & NELSON Hurricane purchased a policy of casualty insurance from Navigators Insurance Company, through an entity represented to be an agent of Navigators, Defendant, PEACHTREE. The Policy provided insurance on certain scheduled pieces of heavy equipment listed in the policy. This policy was renewed each year after 2018 and was in effect on February 14, 2024. From time to time the equipment scheduled in the policy was changed for business reasons. At the execution of the insurance contract, Hurricane was not supplied a complete copy of the insurance policy, just the declarations page, and the schedules. Hurricane relied on the representations of QUERBES & NELSON that the policy would provide coverage for the equipment listed in the policy.

4.

Prior to the initial purchase of the policy, QUERBES & NELSON was fully informed about Plaintiff's business operations. Hurricane is a contractor solely providing services in Puerto Rico, one of which is the cleanup of debris from natural disasters. QUERBES & NELSON was

Page 2 of 11

specifically told that Plaintiff used subcontractors to perform part, or all the tasks that Plaintiff contracts to perform. Plaintiff expressly and intentionally purchased a policy and bought coverage from Navigators under which equipment belonging to Plaintiff's subcontractors, could be insured as scheduled equipment on Plaintiff's insurance policy. This fact was known to QUERBES & NELSON. QUERBES & NELSON assured Plaintiff that the policy that was issued provided coverage for such equipment belonging to subcontractors, working for Plaintiff and there was no need to name the subcontractors as additional insureds, if the equipment was on the policy schedule.

5.

This coverage was necessary because Plaintiff has contracts to perform work in diverse remote locations, and the equipment belonging to the subcontractors must remain at Plaintiff's job site until the job is done. The insurance provides assurance that Plaintiff will have equipment available to perform the work, at the remote locations that Plaintiff's contracts require.

6.

The Policy, which was issued by NAVIGATORS, does in fact, contain a clause under the heading "Covered Property" stating that "Scheduled Equipment" includes equipment belonging to subcontractors is covered. The policy shows PEACHTREE as the agent on the policy.

7.

In another section the Policy has a clause stating that the policy only insures the insured's "insurable interest" in the equipment.

8.

QUERBES & NELSON knew that the subcontractors were not named as additional insureds under the policy, but in fact owned some equipment listed on the policy schedule and represented that this fact was transmitted to Navigators and Navigators accepted the premiums from Plaintiff, with that knowledge.

9.

As reported to Plaintiff, prior to February 14, 2024, certain scheduled items of heavy equipment at a Plaintiff job site in Puerto Rico were stolen. The theft was discovered by the subcontractor on February 14, 2024, and the claim was reported to Navigators. Navigators

Case Number: 073670 Transaction Date: 2/13/2025 Seq: 67 Page Sequence: 3

subsequently issued a RESERVATION OF RIGHTS LETTER to Plaintiff, stating that Navigators reserved the right to deny this claim. Navigators asserted that the Plaintiff did not have an insurable interest in the stolen equipment, even though the facts were exactly as represented to QUERBES & NELSON.

10.

Plaintiff as a part of the work in Puerto Rico had subcontracted with GRINDCO, LLC. (hereafter "GRINDCO) to mulch the green waste storm debris at various disposal sites. After subcontracting with Grindco, the equipment belonging to Grindco was scheduled on Plaintiff's policy with Navigators. The equipment was then moved to a location known as "Isabella Recycling" in Puerto Rico which was to be the final resting place of the mulched material. This equipment was moved based on the representation that it was fully insured under the NAVIGATORS policy issued to Plaintiff.

11.

At least the following items, Inter Alia, of scheduled equipment under the policy belonging to Grindco were placed at the Disposal Site, for use on the job in anticipation of the performance of the subcontract obligation, to mulch storm debris cleared from roadways (2019) and were discovered missing on February 14, 2024:

**PROPERTY MISSING ON OR ABOUT FEBRUARY 14, 2024 (11 PIECES):**

New Holland Excavator **Serial:** NFTN55394 **Model: E55BX**

JCB Mini Excavator **Serial:** JC808040A0105674 **Model:**840

Hogzilla Track Mounted Tub Grinder **Serial:**2026 **Model:**1464T

Hogzilla Tub Grinder **Serial:**566 **Model:**TC#15-64P

Komatsu Excavator **Serial:**30107 **Model:** PC308USLC-3EO

Volvo Loader **Serial:** G17227 **Model:** L90G

Volvo Loader **Serial:** G17093 **Model:** L90G

Volvo Excavator **Serial:** 210435 **Model:** 220D

Volvo Excavator **Serial:** 210437 **Model:** 220D

Mitsubishi Dozer **Serial:** ZB103448 **Model:** BDZG II

John Deere Serial: DW644JX596442 Model:644J

The value of the missing equipment is in excess of $1 Million.

12.

Certain other equipment was reported to Navigators as missing in 2019 and Navigators has maintained an open claim as to the following items.

**PROPERTY MISSING SINCE 2019:**

Takeuchi Serial: 123503829 Model:

Takeuchi Serial: 124001037 Model:

As a result of this claim Navigators was fully aware of the risk that was insured under its policy that the equipment was being used in Puerto Rico.

13.

Hurricane reported the theft to Navigators, through QUERBES & NELSON on February 14, 2024, and the theft was also reported to the local police in Puerto Rico. The thief or thieves have not yet been identified, to date, and the equipment has not been recovered. The equipment is not available to Grindco to do the work, Grindco subcontracted to do for Plaintiff.

14.

Navigators took very limited action to investigate the claim and has not paid the claim, to date.

15.

After taking little action to investigate the claim, for eight months, on September 26, 2024, Navigators provided to Plaintiff the reservation of rights letter mentioned above.

16.

The reservation of rights letter stated on page 2, that there is a question as to whether Plaintiff had an <u>insurable interest</u> in the stolen property.

17.

The insurance policy that Navigators issued to Plaintiff is policy number **NY23ILM0BI1B4-01**. This insurance policy will henceforth be referred to as "The Policy".

Case Number: 073670 Transaction Date: 2/13/2025 Seq: 67 Page Sequence: 5

18.

The relevant effective dates for the 2024 claim on the policy were February 16, 2023, until February 16, 2024. The Plaintiff could not renew the policy, at its expiration on February 16, 2024, because the equipment in question had been stolen.

19.

The Policy was issued to Hurricane Work, LLC, and signed in Louisiana on a Louisiana Insurance Form.

20.

The Policy contained the following forms and endorsements:

CL 100        03-99  COMMON POLICY CONDITIONS

IM 7005       01-12  SCHEDULE OF CVGS-CONTRACTORS' EQUIPMENT ADDENDUM A EQUIPMENT SCHEDULE

IM 7000       04-04  CONTRACTORS' EQUIPMENT COVERAGE SCHED-EQUIP

IM 7034       01-12 TOOLS ENDORSEMENT

IM 7035       01-12 EQUIPMENT LEASED OR RENTED TO OTHERS SCHED

IM 7013       04-04 EQUIPMENT LEASED OR RENTED TO OTHERS ENDT

IM 7036       07-11 EQUIPMENT LEASED OR RENTED FROM OTHERS SCHED

IM 7012       07-11 EQUIPMENT LEASED OR RENTED FROM OTHERS ENDT

IM 7870       01-12 SPLIT DEDUCTABLE ENDORSEMENT

IM 7039       07-11 BELOW THE SURFACE OF THE GROUND EXCLUSION

IM 7902       01-12 LOSS PAYABLE SCHEDULE

IM 7854       04-04 LOSS PAYABLE OPTIONS

CL 0196       03-17 AMENDATORY ENDORSEMENT-LOUISIANA

IM 2037       10-22 AMENDATORY ENDORSEMENT-LOUISIANA

CL 0610       01-15 CERTIFIED ACT OF TERRORISM EXCLUSION

CL 0700       10-06 VIRUS OR BACTERIA EXCLUSION

21.

The schedule of equipment attached to the policy listed all the equipment identified in Paragraph 11.

Page 6 of 11

22.

After Navigators issued the reservation of rights letter sent September 26, 2024, contending that Plaintiff had no insurable interest in the equipment reported stolen. Plaintiff sued Navigators seeking a declaratory judgment in the United States District Court for the Western District of Louisiana determining that there is coverage for the equipment. The United States District Court for the Western District of Louisiana has not made a final determination that it has jurisdiction over the declaratory judgment action. Though the magistrate has, on a preliminary basis, found jurisdiction. For that reason, the allegations against Navigators made below are made alternatively, in the event that the Federal Court determines that it does not have jurisdiction.

23.

Plaintiff is entitled to a DECLARATORY JUDGMENT interpreting the insurance policy at issue determining that Plaintiff, in fact has an insurable interest in the equipment of its subcontractors scheduled in the policy, specifically including the equipment listed above in Paragraph 11, and that under the terms of the policy the equipment is insured against theft, which policy was in full force and effect on February 14, 2024.

24.

La. C.C.P. Art 1873 provides for the issuance of a DECLARATORY JUDGMENT, interpreting a contract, regardless of whether there has been a breach of the contract.

25.

Plaintiff is entitled to a DECLARATORY JUDGMENT interpreting the insurance policy at issue, determining that Plaintiff in fact, has an insurable interest in the equipment of its subcontractors scheduled in the policy, specifically including the equipment listed above in Paragraph 11. Under the terms of the policy the equipment is insured against theft, which policy was in full force, and effect on February 14, 2024.

26.

It is alleged alternatively that QUERBES & NELSON provided some or all the information that it had about Plaintiff's business to PEACHTREE and that the knowledge to PEACHTREE constituted knowledge to NAVIGATORS and NAVIGATORS knew that it was insuring the subcontractor equipment under Plaintiff's policy.

Page 7 of 11

27.

It is alleged alternatively that QUERBES & NELSON was negligent and failed to provide sufficient information to PEACHTREE and/or NAVIGATORS for NAVIGATORS to issue a policy insuring the risk that Plaintiff contracted with QUERBES & NELSON to insure.

28.

It is alleged alternatively that QUERBES & NELSON provided sufficient information to PEACHTREE to understand the risk which was being insured, and PEACHTREE was negligent and failed to provide NAVIGATORS with sufficient information to issue a policy insuring the risk that Plaintiff contracted with QUERBES & NELSON to insure.

29.

After the reservation of rights letter was issued QUERBES & NELSON advised Plaintiff to start listing the subcontractors as insureds on its policy even though throughout the existence of the policy to that point QUERBES & NELSON had advised Plaintiff that this was not necessary.

30.

It is alleged that either QUERBES & NELSON or PEACHTREE, or both, were negligent in providing the earlier representation to Plaintiff that it was not necessary to name the subcontractors as additional insureds on the policy.

31.

La. Stat. Ann. § 22:1892 provides the following:

***

I (2) Any one of the following acts, if knowingly committed or performed by an insured, claimant, or representative of the insured or claimant, constitutes a breach of the insured's duties imposed in Paragraph (1) of this Subsection:

I (2)(a) A failure to comply with affirmative contractual duties or obligations established in the insurance policy, including the duty to act in good faith in providing information regarding the claim, in making demands of the insurer, in setting deadlines, and in attempting to settle the claim.

I (2)(b) A misrepresentation of pertinent facts or insurance policy provisions relating to any coverages at issue.

Page 8 of 11

\*\*\*

32.

If it is determined that Navigators reservation of rights is correct, and there is no insurable interest in the lost equipment, then QUERBES & NELSON, and/or PEACHTREE, misrepresented the facts concerning insurance coverage under the policy, when Plaintiff was advised that it was not necessary to name the subcontractors as insured parties under the policy, and when they collected the premiums.

33.

The misrepresentation of the coverage under the insurance policy, has at least resulted in a delay of payment of the claim by Navigators, and may cause further damage if the claim is not paid.

34.

Plaintiff is entitled to a JUDGMENT AWARDING PENALTIES AND ATTORNEY FEES for the misrepresentation of the policy terms.

35.

In the alternative, if this there was no coverage for the equipment provided under the policy for the scheduled equipment, Plaintiff is entitled to reimbursement of the seven years of policy premiums, plus penalties and interest, be returned to Hurricane Work, LLC, without any further delay.

WHEREFORE, Plaintiff Hurricane Work, LLC, prays alternatively for relief in that the Court as follows:

1. If the United States District Court for the Western District of Louisiana determines that it has no jurisdiction then Plaintiff prays that this Court enter a Declaratory Judgment under La. C.C.P. Art 1871-1873 determining that Plaintiff in fact, has an insurable interest, in the equipment of its subcontractors scheduled in the policy, specifically including the equipment listed herein, and that under the terms of the policy the equipment is insured against theft, which policy was in full force and effect on February 14, 2024;

2. Of this Court or the United States District Court for the Western District of Louisiana determines that there is no coverage for the claim under the policy then Plaintiff prays for damages against QUERBES & NELSON and/or PEACHTREE in such an amount as is reasonable and proper under the allegations set forth above including all benefits which would be due under the policy if it provided the coverage that Plaintiff contracted for.

3. and The Court award Plaintiff penalties and attorney fees under La. R.S. 22:1892 for breach of the duty of good faith and fair dealing;

4. Alternatively, in the event that the Court determines that the contractors equipment scheduled on the policy is not in fact covered, because Hurricane does not have an insurable interest in the scheduled property, then Hurricane prays for judgment in favor of Hurricane Work, LLC and against QUERBES & NELSON and/or PEACHTREE in the amount of all premiums paid for the insurance policy from its inception in 2018 until it's expiration in 2024.

Respectfully submitted,

**Martin K. Maley, Sr., La. Bar Roll No. 20933**
**Stephen M. Irving., La. Bar Roll No. 7170**
**William E. Maley, La. Bar Roll No. 41328**
Maley Law Firm
PO Box 3154
Baton Rouge, LA 70821
Telephone: (225) 346-6781
Facsimile: (225) 346-6788
Email: mkmaley@eatel.net
        Steve@steveirvingllc.com
        Mlflegal_William@eatel.net
*Attorneys for Hurricane Work, LLC*

**PLEASE SERVE THE DEFENDANTS AS FOLLOWS:**

**QUERBES & NELSON, A PARTNERSHIP**
George D. Nelson, Jr.
PLEASE WITHOLD SERVICE FOR 90 DAYS

**NELSON HOLDINGS PARTNERSHIP**
George D. Nelson, Jr.
PLEASE WITHOLD SERVICE FOR 90 DAYS

**QUERBES & NELSON, INC**
*Through its agent for service of process:*

Case Number: 073670 Transaction Date: 2/13/2025 Seq: 67 Page Sequence: 10

George D. Nelson, Jr.
PLEASE WITHOLD SERVICE FOR 90 DAYS

**PEACHTREE SPECIAL RISK BROKERS, LLC**
*Through its agent for service of process:*
PLEASE WITHOLD SERVICE FOR 90 DAYS

**NAVIGATORS INSURANCE COMPANY**
*Through its agent for service of process:*
PLEASE WITHOLD SERVICE FOR 90 DAYS

Page **11** of **11**

# MARTIN K. MALEY, APLC
### Attorneys & Counselors

**Martin K. Maley, Sr.**
**William Maley, Staff Attorney**
**Erica Higginbotham, Secretary**
**Miranda Miller, Paralegal**

*Of Counsel:*
Stephen M. Irving
Anthony G. Falterman

Telephone:  225-346-6781
Facsimile:  225-346-6788

RECEIVED AND FILED
2025 FEB 27  P 3: 43

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

February 26, 2025

Via FedEx: 772335367000

Sabine Parish Clerk of Court
400 South Capital, Room 102
Many, LA 71449

Re:    Hurricane Work, LLC V. Querbes & Nelson, A Partnership, et al
No. 73670, 11th Judicial District Court, Parish of Sabine, State of Louisiana

Honorable Shelly Salter,

Enclosed, please find an original and one copy of *Plaintiff's Motion to Amend Caption.*
Please file this into the captioned record and return one file stamped copy to me, using the self-addressed stamped envelope provided.

Also enclosed please find my firm's check in the amount of $100.00 to cover the costs
for filing, should any amount be due.

Additionally, we would request that service be withheld to all parties at this time.

With kind regards, I remain,

Sincerely,

Martin K. Maley, Sr.

Case Number: 073670 Transaction Date: 2/27/2025 Seq: 53 Page Sequence: 1

RECEIVED AND FILED

2025 FEB 27 P 3: 43

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

HURRICANE WORK, LLC    NUMBER: 73670    DIV:

                                                    11th JUDICIAL DISTRICT COURT

v.

                                                    PARISH OF SABINE

QUERBES & NELSON, A
PARTNERSHIP, ET AL                                  STATE OF LOUISIANA

## PLAINTIFF'S MOTION TO AMEND CAPTION

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Hurricane Work, LLC, who respectfully represents it desires to amend the original Petition for Declaratory Judgment and Damages, as follows:

1.

Plaintiff re-alleges all of the allegations and contentions stated in the original Petition for Declaratory Judgment and Damages, with the following modifications adopted by reference with the same force and effect as if herein set forth at length.

2.

Plaintiff desires to correct the caption on the original pleading due to inadvertently putting the "8th Judicial District Court". Plaintiff seeks to correct the judicial district to read, "11th Judicial District Court".

3.

Leave of the court is not necessary to file this request to amend the caption because no answers has been filed, to date.

Wherefore, Plaintiff, Hurricane Work, LLC, prays that each and every allegation and prayer in the original Petition for Damages not amended by these pleadings be incorporated by reference in its entirety and for all relief requested in the original petition.

*[Signature on following page]*

Page **1** of **2**

Respectfully submitted,

Martin K. Maley, Sr., La. Bar Roll No. 20933
Stephen M. Irving., La. Bar Roll No. 7170
William E. Maley, La. Bar Roll No. 41328
Maley Law Firm
PO Box 3154
Baton Rouge, LA 70821
Telephone: (225) 346-6781
Facsimile: (225) 346-6788
Email: mkmaley@eatel.net
         Steve@steveirvingllc.com
         Mlflegal_William@eatel.net
*Attorneys for Hurricane Work, LLC*

## PLEASE WITHHOLD SERVICE AT THIS TIME:

**QUERBES & NELSON, A PARTNERSHIP**
George D. Nelson, Jr.
207 Texas Street
Shreveport, LA 71101

**NELSON HOLDINGS PARTNERSHIP**
George D. Nelson, Jr.
207 Texas Street
Shreveport, LA 71101

**QUERBES & NELSON, INC**
*Through its agent for service of process:*
George D. Nelson, Jr.
207 Texas Street
Shreveport, LA 71101

**PEACHTREE SPECIAL RISK BROKERS, LLC**
*Through its agent for service of process:*
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

**NAVIGATORS INSURANCE COMPANY**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Ave
Baton Rouge, LA 70809

# MARTIN K. MALEY, APLC
## Attorneys & Counselors

| | | |
|---|---|---|
| Martin K. Maley, Sr. | | *Of Counsel:* |
| Erica Higginbotham, Secretary | Telephone: 225-346-6781 | Stephen M. Irving |
| Miranda Miller, Paralegal | Facsimile: 225-346-6788 | Anthony C. Dupre, Walterman |

RECEIVED AND FILED

2025 MAY -8  P 2: 36

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

May 7, 2025

**Via FedEx:** 881051282002

Honorable Shelly Salter
Sabine Parish Clerk of Court
400 South Capitol Street, Room 102
Many, LA 71449

Re: Hurricane Work, LLC vs. Querbes & Nelson, et al
    Docket No. 73670, Div.
    Parish of Sabine, State of Louisiana

Dear Clerk:

With regard to the above captioned matter, on February 13, 2025, my office fax filed a Petition for Declaratory Judgment, and then on February 27, 2025 filed a Motion to Amend Caption. It was also requested that service be withheld on those filings at that time.

Pursuant to CCP Art. 1201 (C), Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. I respectfully request that you issue service of the *Petition for Declaratory Judgment* and *Motion to Amend Caption,* on the defendants as follows:

**QUERBES & NELSON, A PARTNERSHIP**
George D. Nelson, Jr.
207 Texas Street
Shreveport, LA 71101

**NELSON HOLDINGS PARTNERSHIP**
George D. Nelson, Jr.
207 Texas Street
Shreveport, LA 71101

**QUERBES & NELSON, INC**
*Through its agent for service of process:*
George D. Nelson, Jr.
207 Texas Street
Shreveport, LA 71101

**PEACHTREE SPECIAL RISK BROKERS, LLC**
*Through its agent for service of process:*
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

*Mailing Address: MALEY LAW FIRM, P. O. BOX 3154, BATON ROUGE, LA 70821*
*Physical Offices: Baton Rouge, Port Allen, Napoleonville*

Page 1 of 2

**NAVIGATORS INSURANCE COMPANY**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Ave
Baton Rouge, LA 70809

I have enclosed my firm's check in the amount of $500.00, to cover the cost of this request for service to the five defendant parties. Additionally, please file this correspondence requesting service into the record and return a stamped filed copy to my office using the enclosed self-addressed envelope.

Should you need anything further, please contact Erica Higginbotham, who will be happy to assist you.

With kind regards, I remain,

Sincerely,

Martin K. Maley, Sr.

Enclosures

*Mailing Address: MALEY LAW FIRM, P. O. BOX 3154, BATON ROUGE, LA 70821*
*Physical Offices: Baton Rouge, Port Allen, Napoleonville*

Page 2 of 2

## CITATION

| | |
|---|---|
| **HURRICANE WORK LLC** | Case: 073670 |
| | Division: |
| *Versus* | 11th Judicial District Court |
| | Parish of Sabine |
| **QUERBES & NELSON, ET AL** | State of Louisiana |

RECEIVED AND FILED
2025 ___ 19 ___ 4:12
Q5 5 6.1 2

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

To:    QUERBES & NELSON, A PARTNERSHIP
       GEORGE D. NELSON, JR.
       207 TEXAS STREET
       SHREVEPORT, LA 71101

*Parish of CADDO*

You are hereby summoned to comply with the demand contained in the PETITION FOR DECLARATORY JUDGMENT AND DAMAGES & PLAINTIFF'S MOTION TO AMEND CAPTION a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 11th Judicial District Court in and for the Parish of Sabine, State of Louisiana, within twenty-one (21) days after service hereof, under penalty of default.

GIVEN UNDER MY HAND AND OFFICIAL SEAL, at Many, Parish of Sabine, Louisiana, on this, the 9TH day of MAY, 2025.

Shelly Salter

Clerk of Court

*Marilynn Swindle*

*Atty:*

By: Deputy Clerk of Court

---

### SERVICE INFORMATION

| | | |
|---|---|---|
| __ Moved, address unknown | __ Moved, served at new address of _____ | |
| __ Moved out of parish | __ Address not in Sabine Parish | __ Does not live at address given |
| __ Vacant Residence | __ Vacant Lot | __ No such address |
| __ Not known at this address | __ Need physical address | __ Received too late for service |
| __ Deceased | __ Other | __ Request to hold service by _____ |

Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____

X **PERSONALLY** served on date: _5-18-25   0911   thru Susan Mason_

__ **DOMICILIARY** served on date: _____ Served upon _____ Relationship: _____

__ **MILEAGE** one way _____

__ **UNABLE TO LOCATE** after a due and diligent search on date: _____

_____

Recipient _____    Deputy Sheriff _Musco # 1127_

Sabine Parish Sheriff's Department--Louisiana

[ ORIGINAL ]

## NOTICE OF SERVICE

HURRICANE WORK LLC

Versus

QUERBES & NELSON, NELSON HOLDINGS
PARTNERSHIP, QUERBES & NELSON INC,
PEACHTREE SPECIAL RISK BROKERS LLC,
NAVIGATORS INSURANCE CO

Case: 073670
Division:
11th Judicial District Court
Parish of Sabine
State of Louisiana

TO:  MARTIN K MALEY SR
      P.O. BOX 3154
      BATON ROUGE, LA 70821

Date of Service: May 14, 2025

Number of Service: 3 - NELSON HOLDINGS PARTNERSHIP, QUERBES & NELSON A PARTNERSHIP &
QUERBES & NELSON INC ALL THRU GEORGE D NELSON JR

Personal/Domiciliary: PERSONAL

Issued by the Clerk of Court on the 19TH  day of MAY, 2025.

Shelly Salter

Clerk of Court

By: Deputy Clerk of Court

**Pleading Served:**
**PETITION FOR DECLARATORY JUDGMENT**

[ FILED COPY ]

## CITATION

| | |
|---|---|
| **HURRICANE WORK LLC** | *Case: 073670* |
| | *Division:* |
| *Versus* | *11th Judicial District Court* |
| | *Parish of Sabine* |
| **QUERBES & NELSON, ET AL** | *State of Louisiana* |

RECEIVED AND FILED
055511
2025 ... 19 A 11: 12

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

To:    *NELSON HOLDINGS PARTNERSHIP*
       *GEORGE D. NELSON, JR.*
       *207 TEXAS STREET*
       *SHREVEPORT, LA 71101*

*Parish of CADDO*

You are hereby summoned to comply with the demand contained in the *PETITION FOR DECLARATORY JUDGMENT AND DAMAGES & PLAINTIFF'S MOTION TO AMEND CAPTION a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 11th Judicial District Court in and for the Parish of Sabine, State of Louisiana, within twenty-one (21) days after service hereof, under penalty of default.*

GIVEN UNDER MY HAND AND OFFICIAL SEAL, at Many, Parish of Sabine, Louisiana, on this, the 9TH day of MAY, 2025.

Shelly Salter
Clerk of Court

*Marlynn Swindle*

Atty:                                    By: Deputy Clerk of Court

---

### SERVICE INFORMATION

| | | |
|---|---|---|
| __ Moved, address unknown | __ Moved, served at new address of _____ | |
| __ Moved out of parish | __ Address not in Sabine Parish | __ Does not live at address given |
| __Vacant Residence | __ Vacant Lot | __ No such address |
| __ Not known at this address | __ Need physical address | __Received too late for service |
| __Deceased | __ Other | __ Request to hold service by _____ |

Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____

X PERSONALLY served on date: 5-14-25 0911 Susan Mason

__DOMICILIARY served on date: _____ Served upon _____ Relationship: _____

__ MILEAGE one way _____

__ UNABLE TO LOCATE after a due and diligent search on date: _____

Recipient _____    Deputy Sheriff ____ MUDCO # 1127
                                    Sabine Parish Sheriff's Department--Louisiana

[ ORIGINAL ]

## CITATION

| | |
|---|---|
| **HURRICANE WORK LLC** | **Case: 073670**<br>**Division:** |
| *Versus* | **11th Judicial District Court**<br>**Parish of Sabine** |
| **QUERBES & NELSON, ET AL** | **State of Louisiana** |

RECEIVED AND FILED
055610
2025 MAY 19  A II: 12

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

To:   *QUERBES & NELSON INC*
*THROUGH ITS AGENT FOR SERVICE OF PROCESS*
*GEORGE D. NELSON, JR*
*207 TEXAS STREET*
*SHREVEPORT, LA 71101*

*Parish of CADDO*

*You are hereby summoned to comply with the demand contained in the PETITION FOR DECLARATORY JUDGMENT AND DAMAGES & PLAINTIFF'S MOTION TO AMEND CAPTION a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 11th Judicial District Court in and for the Parish of Sabine, State of Louisiana, within twenty-one (21) days after service hereof, under penalty of default.*

*GIVEN UNDER MY HAND AND OFFICIAL SEAL, at Many, Parish of Sabine, Louisiana, on this, the 9TH day of MAY, 2025.*

Shelly Salter
Clerk of Court

*Atty:*

By: Deputy Clerk of Court

---

### SERVICE INFORMATION

__ *Moved, address unknown*     __ *Moved, served at new address of* _____

__ *Moved out of parish*     __ *Address not in Sabine Parish*     __ *Does not live at address given*

__ *Vacant Residence*     __ *Vacant Lot*     __ *No such address*

__ *Not known at this address*     __ *Need physical address*     __ *Received too late for service*

__ *Deceased*     __ *Other*     __ *Request to hold service by* _____

*Attempted service date/time/note:* _____
*Attempted service date/time/note:* _____
*Attempted service date/time/note:* _____
*Attempted service date/time/note:* _____

X *PERSONALLY served on date:* 5-14-25 @ 0944   thru Susan Mason

__ *DOMICILIARY served on date:* _____   *Served upon* _____   *Relationship:* _____

__ *MILEAGE one way* _____

__ *UNABLE TO LOCATE after a due and diligent search on date:* _____
_____
_____

*Recipient* _____     *Deputy Sheriff* _____ # 1127

*Sabine Parish Sheriff's Department--Louisiana*

[ ORIGINAL ]

## CITATION

| | |
|---|---|
| **HURRICANE WORK LLC** | *Case: 073670* |
| | *Division:* |
| *Versus* | *11th Judicial District Court* |
| | *Parish of Sabine* |
| **QUERBES & NELSON, ET AL** | *State of Louisiana* |

RECEIVED AND FILED

2025 ~~MAY 23  A II: 55~~

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

To:   PEACHTREE SPECIAL RISK BROKERS LLC
        THROUGH ITS AGENT FOR SERVICE OF PROCESS
        CORPORATION SERVICE COMPANY
        450 LAUREL STREET, 8TH FLOOR
        BATON ROUGE, LA  70801

Parish of EAST BATON ROUGE

You are hereby summoned to comply with the demand contained in the PETITION FOR DECLARATORY JUDGMENT AND DAMAGES & PLAINTIFF'S MOTION TO AMEND CAPTION a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 11th Judicial District Court in and for the Parish of Sabine, State of Louisiana, within twenty-one (21) days after service hereof, under penalty of default.

GIVEN UNDER MY HAND AND OFFICIAL SEAL, at Many, Parish of Sabine, Louisiana, on this, the 9TH day of MAY, 2025.

                                      Shelly Salter
                                      Clerk of Court

Atty:                                 By: Deputy Clerk of Court

---

### SERVICE INFORMATION

I made service on the named party through the CORPORATION SERVICE COMPANY

\_\_ Moved, address unknown         \_\_ Moved, served at new address of _____
\_\_ Moved out of parish              \_\_ Address not in Sabine Parish
\_\_Vacant Residence                  \_\_ Vacant Lot
\_\_ Not known at this address        \_\_ Need physical address
\_\_Deceased                          \_\_ Other

\_\_ Does not live at address given
\_\_ No such address
\_\_ Received too late for rendering a copy of this document to
\_\_ Request to hold service by

MAY 16 2025

Trula Brousseau

DY. B. CARACCIA #0577
Deputy Sheriff, Parish of E. Baton Rouge, Louisiana

RECEIVED DATE
MAY 15 2025
E.B.R. SHERIFF

Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____

\_\_ **PERSONALLY** served on date:_____

\_\_**DOMICILIARY** served on date: _____   Served upon _____   Relationship: _____

\_\_ **MILEAGE** one way _____

\_\_ **UNABLE TO LOCATE** after a due and diligent search on date: _____

Recipient _____        Deputy Sheriff _____
                                        Sabine Parish Sheriff's Department--Louisiana

[ ORIGINAL ]

## CITATION

| | |
|---|---|
| *HURRICANE WORK LLC* | Case: 073670 |
| | *Division:* |
| *Versus* | *11th Judicial District Court* |
| | *Parish of Sabine* |
| *QUERBES & NELSON, ET AL* | *State of Louisiana* |

RECEIVED AND FILED

2025 MAY 23 A II: 55

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

To:    *NAVIGATORS INSURANCE COMPANY*
*THROUGH ITS AGENT FOR SERVICE OF PROCESS*
*LOUISIANA SECRETARY OF STATE*
*8585 ARCHIVES AVE*
*BATON ROUGE, LA 70809*

*Parish of EAST BATON ROUGE*

You are hereby summoned to comply with the demand contained in the *PETITION FOR DECLARATORY JUDGMENT AND DAMAGES & PLAINTIFF'S MOTION TO AMEND CAPTION a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 11th Judicial District Court in and for the Parish of Sabine, State of Louisiana, within twenty-one (21) days after service hereof, under penalty of default.*

GIVEN UNDER MY HAND AND OFFICIAL SEAL, at Many, Parish of Sabine, Louisiana, on this, the 9TH day of MAY, 2025.

Shelly Salter

Clerk of Court

*Atty:*

By: Deputy Clerk of Court

---

### SERVICE INFORMATION

| | |
|---|---|
| __ Moved, address unknown | __ Moved, served at new address of _____ |
| __ Moved out of parish | __ Address not in Sabine Parish |
| __ Vacant Residence | __ Vacant Lot |
| __ Not known at this address | __ Need physical address |
| __ Deceased | __ Other |

I made service on the named party through the Office of the Secretary of State on

__ Does not live at address given
__ No such address
__ Received too late for service
__ Request to hold service by

MAY 16 2025

by tendering a copy of this document to:

JULIE NESBITT

BY: B. GARAFOLA #0577

Deputy Sheriff, Parish of East Baton Rouge, LA

Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____

__ **PERSONALLY** served on date: _____

__ **DOMICILIARY** served on date: _____    Served upon _____    Relationship: _____

__ **MILEAGE** one way _____

__ **UNABLE TO LOCATE** after a due and diligent search on date: _____

Recipient _____    **Deputy Sheriff** _____
Sabine Parish Sheriff's Department--Louisiana

[ ORIGINAL ]

## NOTICE OF SERVICE

| | |
|---|---|
| *HURRICANE WORK LLC* | *Case: 073670* |
| | *Division:* |
| *Versus* | *11ᵗʰ Judicial District Court* |
| | *Parish of Sabine* |
| *QUERBES & NELSON, ET AL* | *State of Louisiana* |

TO: *MARTIN K MALEY SR*
     *P.O. BOX 3154*
     *BATON ROUGE, LA 70821*

*Date of Service: May 16, 2025*

*Number of Service: 1 - NAVIGATOR INS THRU LOUISIANA SECRETARY OF STATE*

*Personal/Domiciliary: DOMICILIARY*

*Issued by the Clerk of Court on the 23ᴿᴰ day of MAY, 2025.*

*Shelly Salter*

*Clerk of Court*

*By: Deputy Clerk of Court*

***Pleading Served:***
***PETITION FOR DECLARATORY JUDGMENT***

FOOTERAREA

## NOTICE OF SERVICE

*HURRICANE WORK LLC*

*Versus*

*QUERBES & NELSON, ET AL*

*Case: 073670*
*Division:*
*11ᵗʰ Judicial District Court*
*Parish of Sabine*
*State of Louisiana*

TO: *MARTIN K MALEY SR*
     *P.O. BOX 3154*
     *BATON ROUGE, LA 70821*

*Date of Service: May 16, 2025*

*Number of Service: 1 - PEACHTREE SPECIAL RISK THRU AGENT - CORPORATION SERVICE CO*

*Personal/Domiciliary: DOMICILIARY*

*Issued by the Clerk of Court on the 23ᴿᴰ day of MAY, 2025.*



    *Shelly Salter*

    *Clerk of Court*

    *Marlynn Swindle*

    *By: Deputy Clerk of Court*

**Pleading Served:**
**PETITION FOR DECLARATORY JUDGMENT**

[ FILED COPY ]

## FACSIMILE RECEIPT CERTIFICATE

*HURRICANE WORK LLC*

*Versus*

*QUERBES & NELSON, ET AL*



*Case: 073670*
*Division:*
*11th Judicial District Court*
*Parish of Sabine*
*State of Louisiana*

TO:  *THOMAS LOUIS COLLETTA JR*
     *601 POYDRAS STREET, SUITE 2775*
     *NEW ORLEANS, LA 70130*

*VIA FAX 1-504-310-9195*

### CERTIFICATE

*THIS IS TO CERTIFY that a EX PARTE MOTION FOR EXTENSION OF TIME TO PLEAD & ORDER was*

*transmitted by facsimile from your office to the Sabine Parish Clerk of Court fax line 318-256-9037 and 3 total*

*pages were received and marked filed and received on MAY 29, 2025 in the above captioned matter.*

*Thus done and signed at Many, Sabine Parish, Louisiana, on this the 29TH  day of MAY, 2025.*

*Atty:*

*Shelly Salter*
*Clerk of Court*

_____

*By: Deputy Clerk of Court*

_____

Louisiana R.S. 13:850.  Facsimile transmission; filings in civil actions; fees; equipment and supplies

A.  Any paper in a civil action may be filed with the court by facsimile transmission.  All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions.  Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court.  The facsimile when filed has the same force and effect as the original.

B.  **Within seven days**, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document **shall forward** the following to the clerk:

(1)  The original signed document.

(2)  The applicable filing fee, if any.

(3)  A transmission fee of five dollars.

C.  If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.  The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

*REMIT $__100.00____ plus $5 transmission fee.*

[ FILED COPY ]

RECEIVED AND FILED

11ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF SABINE          2025 MAY 29  A  8: 25

STATE OF LOUISIANA                                            SHELLY SALTER
                                                             CLERK OF COURT
CASE NO: 73670                          DIVISION "           SABINE PARISH

HURRICANE WORK, LLC

VERSUS

QUERBES & NELSON, A PARTNERSHIP, ET AL.

FILED: _____          _____
                                              DEPUTY CLERK

## *EX PARTE* FIRST MOTION FOR EXTENSION OF TIME TO PLEAD

NOW INTO COURT, through undersigned counsel, comes Defendant, Navigators
Insurance Company ("Navigators"), which respectfully requests a thirty (30) day extension of
time, until Friday, July 4, 2025, within which to answer, object or otherwise respond to the Petition
for Declaratory Judgement and Damages ("Petition") filed by the plaintiff, Hurricane Work, LLC
("Plaintiff"), as undersigned counsel requires additional time to prepare responsive pleadings.
This is Navigators' first request for an extension of time to answer or otherwise plead.

WHEREFORE, Navigators Insurance Company respectfully prays for an Order granting it
an extension through Monday, July 7, 2025, to file a responsive pleading to Plaintiff's Petition.

Respectfully Submitted:

_____
Seth A. Schmeeckle, La. Bar No. 27076
Thomas Louis Colletta, Jr., La. Bar No. 26851
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: sschmeeckle@lawla.com
       lcolletta@lawla.com
COUNSEL FOR NAVIGATORS INSURANCE
COMPANY

Page 1 of 2

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025, a copy of this pleading has been served on all known

counsel of record via electronic mail, facsimile and/or United States Mail, postage prepaid.

THOMAS LOUIS COLLETTA, JR.

Page 2 of 2

2025-05-28 15:36 MDT -                                                    +15042250804    PAGE 3/3

RECEIVED AND FILED

11th JUDICIAL DISTRICT COURT FOR THE PARISH OF SABINE 2025 ... 29  A 8: 25

STATE OF LOUISIANA

CASE NO: 73670                                    DIVISION ""

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

HURRICANE WORK, LLC

VERSUS

QUERBES & NELSON, A PARTNERSHIP, ET AL.

FILED: _____          _____
                                         DEPUTY CLERK

Considering the foregoing *Ex Parte* Motion and Order for Extension of Time filed by

Defendant, Navigators Insurance Company;

IT IS HEREBY ORDERED that the Motion is GRANTED, and Navigators Insurance

Company is hereby granted a 30-day extension, up to and including **Monday, July 7, 2025**, to file

responsive pleadings.

Many, Louisiana this _____ day of _____, 2025.

_____
DISTRICT COURT JUDGE

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
601 POYDRAS STREET | SUITE 2775 | NEW ORLEANS, LA 70130
TELEPHONE: 504.568.1990 | FACSIMILE: 504.310.9195

RECEIVED AND FILED

2025 -2  A 10: 41

THOMAS LOUIS COLLETTA, JR.
*Admitted in Alabama, Louisiana and Texas*

Direct Dial: (504) 310-9172
E-mail: tcolletta@lawla.com

SHELLY S.
CLERK OF COURT
SABINE PARISH

May 29, 2025

**VIA FEDEX:**
Clerk of Court
11th JDC
Parish of Sabine
400 Capitol Street, #102
Many, LA 71449

> **Re:**   *Hurricane Work, LLC v. Querbes & Nelson, A Partnership, et al*
> 11th Judicial District Court, Parish of Sabine
> Case Number 73670

Ladies and Gentlemen:

Enclosed with this letter are the following:

1. Original *Ex Parte* First Motion for Extension of Time to Plead;
2. Our fax confirmation dated May 29, 2025; and
3. Our firm check number 117191 in the amount of $105.00 to cover the cost of filing.

Please return to us a stamped copy of the *Ex Parte* First Motion for Extension of Time to Plead in the self-addressed stamped envelope.

Thank you for your cooperation in this matter.

Very truly yours,

Christine Rupp
Secretary to Thomas Louis Colletta, Jr.

TLC/cr/Enclosures

RECEIVED AND FILED

2025 JUN -2  A 10:41

CL___K O_ COURT
SABINE PARISH

**11ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF SABINE**

**STATE OF LOUISIANA**

CASE NO: 73670                                    DIVISION ""

**HURRICANE WORK, LLC**

**VERSUS**

**QUERBES & NELSON, A PARTNERSHIP, ET AL.**

FILED: _____        _____
                                                        **DEPUTY CLERK**

_EX PARTE_ **FIRST MOTION FOR EXTENSION OF TIME TO PLEAD**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Navigators

Insurance Company ("Navigators"), which respectfully requests a thirty (30) day extension of

time, until Friday, July 4, 2025, within which to answer, object or otherwise respond to the Petition

for Declaratory Judgement and Damages ("Petition") filed by the plaintiff, Hurricane Work, LLC

("Plaintiff"), as undersigned counsel requires additional time to prepare responsive pleadings.

This is Navigators' first request for an extension of time to answer or otherwise plead.

WHEREFORE, Navigators Insurance Company respectfully prays for an Order granting it

an extension through Monday, July 7, 2025, to file a responsive pleading to Plaintiff's Petition.

Respectfully Submitted:

_____
**Seth A. Schmeeckle, La. Bar No. 27076**
**Thomas Louis Colletta, Jr., La. Bar No. 26851**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: sschmeeckle@lawla.com
        lcolletta@lawla.com
**COUNSEL FOR NAVIGATORS INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2025, a copy of this pleading has been served on all known

counsel of record via electronic mail, facsimile and/or United States Mail, postage prepaid.

**THOMAS LOUIS COLLETTA, JR.**

Page 2 of 2

RECE... ...D FILED

2025 ... 2 A 10: 41

SHELBY SALTER
CL... K OF COURT
SABINE PARISH

**11th JUDICIAL DISTRICT COURT FOR THE PARISH OF SABINE**

**STATE OF LOUISIANA**

CASE NO: 73670                                DIVISION ""

**HURRICANE WORK, LLC**

**VERSUS**

**QUERBES & NELSON, A PARTNERSHIP, ET AL.**

FILED: _____          _____
                                          **DEPUTY CLERK**

Considering the foregoing *Ex Parte* Motion and Order for Extension of Time filed by

Defendant, Navigators Insurance Company;

IT IS HEREBY ORDERED that the Motion is GRANTED, and Navigators Insurance

Company is hereby granted a 30-day extension, up to and including **Monday, July 7, 2025**, to file

responsive pleadings.

Many, Louisiana this __3__ day of __June_____, 2025.


_____
**DISTRICT COURT JUDGE**
Craig Marcotte
Judge Pro Tempore


2 cc Colletta
6·/1·25

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

| | | |
|---|---|---|
| HURRICANE WORK, LLC | * | SUIT NO. 73670      DIV. |
| | * | |
| | * | 11TH JUDICIAL DISTRICT COURT |
| versus | * | |
| | * | PARISH OF SABINE |
| QUERBES & NELSON, A | * | |
| PARTNERSHIP, ET AL | * | |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PEACHTREE SPECIAL RISK BROKERS, LLC'S PEREMPTORY EXCEPTIONS OF PEREMPTION AND NO CAUSE OF ACTION

Peachtree Special Risk Brokers, LLC (hereinafter referred to as "Peachtree"), submits these Peremptory Exceptions of Peremption and No Cause of Action to the Petition for Declaratory Judgment and Damages filed by Plaintiff Hurricane Work, LLC. Peachtree avers that Plaintiff's alleged claims for damages are barred under the three-year preemptive period provided for in La. R.S. 9:5606. Moreover, La. R.S. 22:1892 does not provide Plaintiff with a cause of action against Peachtree, an insurance broker.

ACCORDINGLY, Peachtree requests that this Court sustain the exceptions and dismiss the Plaintiff's Petition with prejudice.

Respectfully submitted,
**HINSHAW & CULBERTSON LLP**

By: _____
TESSA P. VORHABEN (#31293)
400 Poydras Street, Suite 3150
New Orleans, Louisiana 70130
Telephone: (504) 438-1566
Facsimile: (504) 617-7897
Email: tvorhaben@hinshawlaw.com
*Attorneys for Defendant*
*Peachtree Special Risk Brokers,*
*LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 6, 2025, a copy of the foregoing Peremptory Exceptions of Peremption and No Cause of Action were served upon all counsel of record via facsimile, email, hand deliver, and or by depositing same in the U.S. Mail to all counsel of record.

_____
TESSA P. VORHABEN

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

| | | |
|---|---|---|
| **HURRICANE WORK, LLC** | * | **SUIT NO. 73670     DIV.** |
| | * | |
| | * | **11TH JUDICIAL DISTRICT COURT** |
| **versus** | * | |
| | * | **PARISH OF SABINE** |
| **QUERBES & NELSON, A** | * | |
| **PARTNERSHIP, ET AL** | | |
| | * | **STATE OF LOUISIANA** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF PEACHTREE SPECIAL RISK BROKERS, LLC'S PEREMPTORY EXCEPTIONS OF PEREMPTION AND NO CAUSE OF ACTION

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Peachtree Special Risk Brokers, LLC ("Peachtree"), and pursuant to Louisiana Code of Civil Procedure article 927, respectfully submits these Exceptions of Peremption and No Cause of Action. Plaintiff's claims against Peachtree stemming from the Navigator's policy are perempted under Louisiana Revised Statute 9:5606. Further, Louisiana Revised Statute 22:1892 does not provide Plaintiff with a cause of action against Peachtree. Therefore, Peachtree moves this Honorable Court to dismiss Plaintiff's claims with prejudices for the reasons set forth below.

### I.     SUMMARY OF THE ARGUMENT

Plaintiff's lawsuit alleges that Peachtree, a licensed wholesale insurance broker in the state of Louisiana, acted negligently in procuring insurance coverage for certain equipment beginning in 2018. However, Plaintiff has no possibility of recovery against Peachtree under Louisiana law based on the allegations set forth in the Petition. First, while Plaintiff's claims against Peachtree relate to an insurance policy that was in effect on its February 14, 2024 date of loss, this was a renewal of a policy commencing in 2018. Consequently, Plaintiff's claims are perempted under Louisiana R.S. 9:5606. Moreover, Louisiana R.S. 22:1892 does not provide Plaintiff with a cause of action against Peachtree, an insurance broker. Therefore, Plaintiff has not stated a claim against Peachtree and consequently, Plaintiff's claims against Peachtree should be dismissed with prejudice.

### II.     FACTUAL BACKGROUND

On February 18, 2025, Plaintiff filed a Petition for Declaratory Judgement and Damages ("Petition") against defendants, including Peachtree, in connection with its February 14, 2024 insurance claim for stolen equipment. *See* "Exhibit 1", the Petition. Plaintiff's Petition alleges that in 2018, it contracted with defendant insurance agent Querbes & Nelson to purchase insurance for its business operations, and that through Querbes & Nelson, Plaintiff purchased an insurance policy from Navigators Insurance Company ("Navigators"), through an entity

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

represented to be an agent of Navigators, Peachtree ("2018 Policy"). *See* "Exhibit 1", ¶3. Peachtree is a licensed wholesale insurance broker in the State of Louisiana. "Exhibit 1", ¶2. According to Plaintiff's Petition, the 2018 Policy insured certain scheduled pieces of heavy equipment and was renewed each subsequent year, including for the February 16, 2023, to February 16, 2024 policy period ("2023 Policy"). *See* "Exhibit 1", ¶¶3, 18.

Prior to or on February 14, 2024, Plaintiff alleges that it was notified by its subcontractor that certain items of heavy equipment was stolen from Plaintiff's job site in Puerto Rico, including two items of equipment reported as missing since 2019. *See* "Exhibit 1", ¶¶ 9, 11-12. Plaintiff asserts that it reported the theft to Navigators, through Querbes & Nelson, on February 14, 2024, and that on September 26, 2024, Navigators issued to Plaintiff a reservations of rights letter on the basis that Plaintiff had no insurable interest in the stolen equipment. *See* "Exhibit 1", ¶¶ 13, 15. Plaintiff's Petition seeks an order from this Court declaring that the 2023 Policy provides coverage for Plaintiff's claim. *See* Exhibit "1", ¶23.    Alternatively, if there is no insurance coverage for the stolen equipment, then Plaintiff alleges that Querbes & Nelson and Peachtree are liable under La. R.S. 22:1892 for allegedly misrepresenting the insurance coverage and negligently failing to provide Navigators with information sufficient to procure the requested insurance policy, including allegedly failing to advise Plaintiff to name the subcontractors as additional insureds on the policy. "Exhibit 1", ¶¶28, 30-35. As a result of Querbes & Nelson and Peachtree's alleged negligence, Plaintiff is seeking penalties and attorneys' fees, as well as the reimbursement of seven (7) years of policy premium. *Id.*

## III.    LAW AND ARGUMENT

The objections of peremption and no cause of action are raised by the peremptory exception. La. Code of Civ. Proc. art. 927. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if peremption is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not perempted. *Periso v. Vu*, 2018 WL 1125868 (La. App. 1 Cir. 03/02/18), citing *Satterfield & Pontikes Construction, Inc. v Breazeale Sachse & Wilson, LLP*, 2015-1355 (La. App. 1 Cir. 1/10/17), 212 So.3d 554, 558, writ denied, 2017-0268 (La. 3/31/17), 217 So.3d 363.

- 2 -

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

A.    **Any Claims Against Peachtree are Perempted.**

Louisiana R.S. 9:5606(A) provides, in pertinent part:

A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

. . .

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Thus, "La. R.S. 9:5606 provides to preemptive periods: one year from the date of the alleged negligent act or omission; or, one year from the date the negligence was discovered or should have been discovered, as long as the date is within three years of the alleged negligent act or omission." S. *Marble Specialties v. Cholley*, 22-602, at \*13 (La. App. 3 Cir. 05/03/23), 265 So.3d 885. In *Cholley*, following Hurricane Laura on August 27, 2020, the plaintiff filed suit against defendant for damages allegedly sustained after defendant allegedly reduced its business income and extra expense coverage for the 2017-2018 policy period without its consent. *Id.* at \*2. Defendant filed a peremptory exception alleging that plaintiff's claims are "perempted on their face" because the alleged negligent act of reducing the coverage occurred on November 7, 2017, and Plaintiff waited over three years before filing the suit on August 18, 2021. *Id.* at \*4. Plaintiff argued that the 2017 policy is irrelevant because the loss occurred during the 2019-2020 policy, and the 2019-2020 was a new policy, not a renewal. *Id.* The Louisiana Third Circuit Court of Appeals disagreed with plaintiff, finding that the 2019 policy was a renewal policy under La. R.S. 22:1267.[1] *Id.* at 15. Because the alleged negligent act occurred in 2017, and plaintiff did not file its petition against defendant until August 18, 2021, well beyond the three-year peremptive period set forth in La. R.S. 9:5606, the Court reversed the trial court and granted defendant's exception of peremption. *Id.* at 20.

---

[1]B. For the purposes of this Section, the following terms shall mean:
(5) "Renewal" or "to renew" means the issuance of or the offer to issue by the insurer a policy succeeding a policy previously issued and delivered by the same insurer or an insurer within the same group of insurers, or the issuance of a certificate or notice extending the term of an existing policy for a specified period beyond its expiration date.

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

Similar to *Cholley*, Plaintiff's claims against Peachree are perempted under La. R.S. 9:5606. Here, Plaintiff's Petition was filed on February 18, 2025; therefore, the date of negligence or discovery must have occurred within one year prior to this date. If the negligence was only discovered within one year prior to this date, the negligent act must have occurred within the last three years. *See Cholley*, 365 So.3d at 891. In Plaintiff's Petition, it identified the 2018 Policy as the date when defendants allegedly failed to advise Plaintiff or procure insurance covering its subcontractors' equipment and/or misrepresented the insurance coverages provided, i.e. the "alleged negligent act, omission, or neglect." Accordingly, under the three-year peremption period in La. R.S. 9:5606, Plaintiff's claims for professional negligence of an insurance agent are perempted on the face of the Petition.

**B.    Plaintiff Does Not Have a Cause of Action Against Peachtree under La. R.S. 22:1892.**

In Plaintiff's Petition, Plaintiff alleges that defendants, including Peachtree, are liable under Louisiana R.S. 22:1892 for failing to comply with their contractual duties and misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. "Exhibit 1", ¶¶31-35. However, Plaintiff does not have a cause of action against Peachtree for bad faith under La. R.S. 22:1892. Louisiana courts have repeatedly held that Louisiana R.S. 22:1892 only provides for bad faith claims against insurance companies, not insurance agents or brokers. *See Staub v. QBE Specialty Ins. Co.*, 2024 WL 167150, at *5 (E.D. La. Jan. 16, 2024), citing *Geovera Specialty Ins. Co. v. Joachin*, No. CV 18-7577, 2019 WL 3238557, at *7 (E.D. La. July 18, 2019); *IFG Port Holdings, LLC v. Underwriters at Lloyd's*, 2021 WL 2604784, at *3 (W.D. La. June 24, 2021). Therefore, Plaintiff has not stated a bad faith claim against Peachtree, as the insurance broker under La. R.S. 22:1892, and Peachtree's Exception of No Cause of Action should be granted.

### IV.    CONCLUSION

Plaintiff's claims against Peachtree are perempted under Louisiana R.S. 9:5606 because it waited well beyond the three-year peremptive period to file this Petition. Moreover, Plaintiff does not have a cause of action against Peachtree under Louisiana R.S. 22:1892 because the statute only applies to insurance companies, and not insurance brokers or agents. Accordingly,

- 4 -

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

Peachtree respectfully requests that this Court grant Peachtree's Peremptory Exceptions and dismiss Plaintiff's claims against it with prejudice.

Respectfully submitted,
**HINSHAW & CULBERTSON LLP**

By: _____
TESSA P. VORHABEN (#31293)
400 Poydras Street, Suite 3150
New Orleans, Louisiana 70130
Telephone: (504) 438-1566
Facsimile: (504) 617-7897
Email: tvorhaben@hinshawlaw.com
*Attorneys for Defendant*
*Peachtree Special Risk Brokers, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 6, 2025, a copy of the foregoing Peremptory Exceptions of Peremption and No Cause of Action were served upon all counsel of record via facsimile, email, hand deliver, and or by depositing same in the U.S. Mail to all counsel of record.

_____
TESSA P. VORHABEN

- 5 -

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

| | | |
|---|---|---|
| HURRICANE WORK, LLC | * | SUIT NO. 73670    DIV. |
| | * | |
| | * | 11TH JUDICIAL DISTRICT COURT |
| versus | * | |
| | * | PARISH OF SABINE |
| QUERBES & NELSON, A | * | |
| PARTNERSHIP, ET AL | | |
| | * | STATE OF LOUISIANA |

**HURRICANE WORK, LLC**     *     **SUIT NO. 73670**    **DIV.**

**11TH JUDICIAL DISTRICT COURT**

**versus**

**PARISH OF SABINE**

**QUERBES & NELSON, A PARTNERSHIP, ET AL**

**STATE OF LOUISIANA**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel comes defendant Peachtree Special Risk Brokers, LLC ("Peachtree" or "Defendant"), made defendant herein, who requests that this Court provide it with written notice 10 days in advance of the date fixed for a trial or hearing on any exception, motion, rule or trial on the merits pursuant to Louisiana Code of Civil Procedure article 1572.

Defendant further requests immediate notice of any and all interlocutory and final orders and judgments on any exception, motion, rule or trial on the merits pursuant to Louisiana Code of Civil Procedure articles 1913 and 1914.

Respectfully submitted,
**HINSHAW & CULBERTSON LLP**

By: _____
    TESSA P. VORHABEN (#31293)
    400 Poydras Street, Suite 3150
    New Orleans, Louisiana 70130
    Telephone: (504) 438-1566
    Facsimile: (504) 617-7897
    Email: tvorhaben@hinshawlaw.com
    *Attorneys for Defendant*
    *Peachtree Special Risk Brokers,*
    *LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 6, 2025, a copy of the foregoing Request for Notice was served upon all counsel of record via facsimile, email, hand deliver, and or by depositing same in the U.S. Mail to all counsel of record.

_____
TESSA P. VORHABEN

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

| | | |
|---|---|---|
| HURRICANE WORK, LLC | * | SUIT NO. 73670     DIV. |
| | * | |
| | * | 11TH JUDICIAL DISTRICT COURT |
| versus | * | |
| | * | PARISH OF SABINE |
| QUERBES & NELSON, A | * | |
| PARTNERSHIP, ET AL | | |
| | * | STATE OF LOUISIANA |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PEACHTREE SPECIAL RISK BROKERS, LLC'S RULE TO SHOW CAUSE

Considering the foregoing:

IT IS HEREBY ORDERED that all parties appear on the 13 day of August,

2025, at 9:00 a.m./p.m., to show cause as to why the Peremptory Exceptions of Peremption

and No Cause of Action of Peachtree Special Risk Brokers, LLC should not be granted.

Signed at MANY, LOUISIANA this 6 day of June, 2025.

JUDGE ~~VERITY GENTRY~~
Craig Marcotte
Judge Pro Tempore

**CLERK, PLEASE SERVE:**
Hurricane Work, LLC
Through counsel of record
Martin K. Maley, Sr.
Maley Law Firm
4707 Bluebonnet Blvd, Suite B
Baton Rouge, Louisiana 70809

Navigators Insurance Company
Through counsel of record
Thomas L. Colletta Jr.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130

**CLERK, PLEASE NOTIFY BY U.S. MAIL:**
Peachtree Special Risk Brokers, LLC Through
counsel of record
Tessa P. Vorhaben
Hinshaw & Culbertson LLP
400 Poydras Street, Suite 3150
New Orleans, Louisiana 70130

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle


## CSC

| | KN4 / ALL |
|---|---|
| **Notice of Service of Process** | Transmittal Number: 31439893 |
| | Date Processed: 05/17/2025 |

| | |
|---|---|
| **Primary Contact:** | Brittany Zalich |
| | Brown & Brown, Inc. |
| | 300 N Beach St |
| | Daytona Beach, FL 32114-3304 |
| **Electronic copy provided to:** | Lauren Meyerhoffer |
| | Cheryl Gortmans |
| | Dahiana Monge-Barlow |
| | Maria Leal |
| | Julie Jones |

| | |
|---|---|
| **Entity:** | Peachtree Special Risk Brokers, LLC |
| | Entity ID Number 3971284 |
| **Entity Served:** | Peachtree Special Risk Brokers, LLC |
| **Title of Action:** | Hurricane Work, LLC vs. Querbes & Nelson, A Partnership |
| **Matter Name/ID:** | Hurricane Work, LLC vs. Querbes & Nelson, A Partnership (17334610) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Sabine Parish District Court, LA |
| **Case/Reference No:** | 73670 |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 05/16/2025 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Maley Law Firm |
| | 225-346-6781 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Exhibit 1

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Marlynn Swindle

## CITATION

HURRICANE WORK LLC

Versus

QUERBES & NELSON, ET AL

Case: 073670
Division:
11th Judicial District Court
Parish of Sabine
State of Louisiana

To:    PEACHTREE SPECIAL RISK BROKERS LLC
       THROUGH ITS AGENT FOR SERVICE OF PROCESS
       CORPORATION SERVICE COMPANY
       450 LAUREL STREET, 8TH FLOOR
       BATON ROUGE, LA 70801

Parish of EAST BATON ROUGE

You are hereby summoned to comply with the demand contained in the PETITION FOR DECLARATORY

JUDGMENT AND DAMAGES & PLAINTIFF'S MOTION TO AMEND CAPTION a true and correct copy

(exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or

otherwise, in the 11th Judicial District Court in and for the Parish of Sabine, State of Louisiana, within twenty-

one (21) days after service hereof, under penalty of default.

GIVEN UNDER MY HAND AND OFFICIAL SEAL, at Many, Parish of Sabine, Louisiana, on this, the

9TH day of MAY, 2025.

Shelly Salter
Clerk of Court

*Marlynn Swindle*

Atty:

By: Deputy Clerk of Court

---

### SERVICE INFORMATION

| | | |
|---|---|---|
| __Moved, address unknown | __ Moved, served at new address of ___ | |
| __Moved out of parish | __ Address not in Sabine Parish | __ Does not live at address given |
| __Vacant Residence | __ Vacant Lot | __No such address |
| __Not known at this address | __ Need physical address | __Received too late for service |
| __Deceased | __ Other | __ Request to hold service by___ |

Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____

__ PERSONALLY served on date:_____

__DOMICILIARY served on date: _____    Served upon _____    Relationship: _____

__MILEAGE one way _____

__ UNABLE TO LOCATE after a due and diligent search on date: _____

_____

Recipient: _____         Deputy Sheriff _____
                                   Sabine Parish Sheriff's Department–Louisiana

[ SERVICE COPY ]

File Date: 6/6/2025 12:45 PM
Case Number: 73870
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

RECEIVED AND FILED

2025 FEB 18  P 2: 06

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

HURRICANE WORK, LLC

v.

QUERBES & NELSON, A
PARTNERSHIP, ET AL

NUMBER: 73670    DIV:

8TH JUDICIAL DISTRICT COURT

PARISH OF SABINE

STATE OF LOUISIANA

---

**PETITION FOR DECLARATORY JUDGMENT AND DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Hurricane Work, LLC, (hereafter referred to as "Hurricane") a limited liability company created under the laws of Puerto Rico, solely doing business in Puerto Rico, whose corporate office is in Louisiana, in the Parish of Sabine, who with respect represents the following:

**NAMED DEFENDANTS HEREIN**

1) QUERBES & NELSON, A PARTNERSHIP; and

2) NELSON HOLDINGS PARTNERSHIP; and

3) QUERBES & NELSON, INC; and

4) PEACHTREE SPECIAL RISK BROKERS, LLC; and

5) NAVIGATORS INSURANCE COMPANY.

1.

Plaintiff HURRICANE WORK, LLC, hereafter ("HURRICANE") a limited liability company created under the laws of Puerto Rico, solely doing business in Puerto Rico, but its corporate office and headquarters, is in the Parish of Sabine, State of Louisiana. The events which are set forth below occurred in Louisiana in Sabine Parish, and the insurance policy at issue was delivered to Plaintiff in Sabine Parish, on a Louisiana insurance policy form.

2.

Named defendants herein are QUERBES & NELSON, A PARTNERSHIP, an entity created under the laws of an unknown jurisdiction, possibly Louisiana, that is licensed as an insurance producer by the Louisiana Department of Insurance, and does or did business in Caddo Parish, Louisiana; NELSON HOLDINGS PARTNERSHIP a partnership created under the law of Louisiana, headquartered in and is doing business is the State of Louisiana in Caddo Parish which

Page 1 of 11

Case Number: 073670 Transaction Date: 6/6/2025 Seq: 10 Page Sequence: 3

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle




entity may be an alternate name for, or successor entity of defendant QUERBES & NELSON, A PARTNERSHIP; and QUERBES & NELSON INC. QUERBES & NELSON INC is a Louisiana corporation doing business in Caddo Parish which is alternatively alleged to be a successor entity to defendant QUERBES & NELSON, A PARTNERSHIP and/or to have done business with Plaintiff as defendant QUERBES & NELSON, A PARTNERSHIP. These entities will hereafter be referred to collectively as "QUERBES & NELSON" unless specifically stated otherwise. PEACHTREE SPECIAL RISK BROKERS LLC (hereafter "PEACHTREE") is an entity created under the laws of the State of Georgia which has qualified to do business in the State of Louisiana and on information and belief has been licensed as an insurance producer by the State of Louisiana under the name PEACHTREE SPECIAL RISK, LLC. Also, a named Defendant is NAVIGATORS INSURANCE COMPANY, hereafter "Navigators." Navigators is a foreign insurance company domiciled in the State of New York that is admitted to and doing business in the State of Louisiana.

3.

Plaintiff, HURRICANE, contracted with QUERBES & NELSON beginning approximately 2018 to purchase insurance for its business operations. HURRICANE was created to do work in Puerto Rico and exclusively does business in Puerto Rico even though its corporate headquarters is in Louisiana. Through QUERBES & NELSON Hurricane purchased a policy of casualty insurance from Navigators Insurance Company, through an entity represented to be an agent of Navigators, Defendant, PEACHTREE. The Policy provided insurance on certain scheduled pieces of heavy equipment listed in the policy. This policy was renewed each year after 2018 and was in effect on February 14, 2024. From time to time the equipment scheduled in the policy was changed for business reasons. At the execution of the insurance contract, Hurricane was not supplied a complete copy of the insurance policy, just the declarations page, and the schedules. Hurricane relied on the representations of QUERBES & NELSON that the policy would provide coverage for the equipment listed in the policy.

4.

Prior to the initial purchase of the policy, QUERBES & NELSON was fully informed about Plaintiff's business operations. Hurricane is a contractor solely providing services in Puerto Rico, one of which is the cleanup of debris from natural disasters. QUERBES & NELSON was

Page 2 of 11

File Date: 5/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

specifically told that Plaintiff used subcontractors to perform part, or all the tasks that Plaintiff contracts to perform. Plaintiff expressly and intentionally purchased a policy and bought coverage from Navigators under which equipment belonging to Plaintiff's subcontractors, could be insured as scheduled equipment on Plaintiff's insurance policy. This fact was known to QUERBES & NELSON. QUERBES & NELSON assured Plaintiff that the policy that was issued provided coverage for such equipment belonging to subcontractors, working for Plaintiff and there was no need to name the subcontractors as additional insureds, if the equipment was on the policy schedule.

5.

This coverage was necessary because Plaintiff has contracts to perform work in diverse remote locations, and the equipment belonging to the subcontractors must remain at Plaintiff's job site until the job is done. The insurance provides assurance that Plaintiff will have equipment available to perform the work, at the remote locations that Plaintiff's contracts require.

6.

The Policy, which was issued by NAVIGATORS, does in fact, contain a clause under the heading "Covered Property" stating that "Scheduled Equipment" includes equipment belonging to subcontractors is covered. The policy shows PEACHTREE as the agent on the policy.

7.

In another section the Policy has a clause stating that the policy only insures the insured's "insurable interest" in the equipment.

8.

QUERBES & NELSON knew that the subcontractors were not named as additional insureds under the policy, but in fact owned some equipment listed on the policy schedule and represented that this fact was transmitted to Navigators and Navigators accepted the premiums from Plaintiff, with that knowledge.

9.

As reported to Plaintiff, prior to February 14, 2024, certain scheduled items of heavy equipment at a Plaintiff job site in Puerto Rico were stolen. The theft was discovered by the subcontractor on February 14, 2024, and the claim was reported to Navigators. Navigators

Case Number: 073670 Transaction Date: 6/6/2025 Seq: 10 Page Sequence: 5

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

subsequently issued a <u>RESERVATION OF RIGHTS LETTER</u> to Plaintiff, stating that Navigators reserved the right to deny this claim. Navigators asserted that the Plaintiff did not have an insurable interest in the stolen equipment, even though the facts were exactly as represented to QUERBES & NELSON.

10.

Plaintiff as a part of the work in Puerto Rico had subcontracted with GRINDCO, LLC. (hereafter "GRINDCO) to mulch the green waste storm debris at various disposal sites. After subcontracting with Grindco, the equipment belonging to Grindco was scheduled on Plaintiff's policy with Navigators. The equipment was then moved to a location known as "Isabella Recycling" in Puerto Rico which was to be the final resting place of the mulched material. This equipment was moved based on the representation that it was fully insured under the NAVIGATORS policy issued to Plaintiff.

11.

At least the following items, Inter Alia, of scheduled equipment under the policy belonging to Grindco were placed at the Disposal Site, for use on the job in anticipation of the performance of the subcontract obligation, to mulch storm debris cleared from roadways (2019) and were discovered missing on February 14, 2024:

**PROPERTY MISSING ON OR ABOUT FEBRUARY 14, 2024 (11 PIECES):**

New Holland Excavator Serial: NFTN55394 Model: E55BX

JCB Mini Excavator Serial: JC808040A0105674 Model:840

Hogzilla Track Mounted Tub Grinder Serial:2026 Model:1464T

Hogzilla Tub Grinder Serial:566 Model:TC#15-64P

Komatsu Excavator Serial:30107 Model: PC308USLC-3EO

Volvo Loader Serial: G17227 Model: L90G

Volvo Loader Serial: G17093 Model: L90G

Volvo Excavator Serial: 210435 Model: 220D

Volvo Excavator Serial: 210437 Model: 220D

Mitsubishi Dozer Serial: ZB103448 Model: BDZG II

Page 4 of 11

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle



John Deere Serial: DW644JX596442 **Model:644J**

The value of the missing equipment is in excess of $1 Million.

12.

Certain other equipment was reported to Navigators as missing in 2019 and Navigators has maintained an open claim as to the following items.

**PROPERTY MISSING SINCE 2019:**

Takeuchi Serial: 123503829 **Model:**

Takeuchi Serial: 124001037 **Model:**

As a result of this claim Navigators was fully aware of the risk that was insured under its policy that the equipment was being used in Puerto Rico.

13.

Hurricane reported the theft to Navigators, through QUERBES & NELSON on February 14, 2024, and the theft was also reported to the local police in Puerto Rico. The thief or thieves have not yet been identified, to date, and the equipment has not been recovered. The equipment is not available to Grindco to do the work, Grindco subcontracted to do for Plaintiff.

14.

Navigators took very limited action to investigate the claim and has not paid the claim, to date.

15.

After taking little action to investigate the claim, for eight months, on September 26, 2024, Navigators provided to Plaintiff the reservation of rights letter mentioned above.

16.

The reservation of rights letter stated on page 2, that there is a question as to whether Plaintiff had an <u>insurable interest</u> in the stolen property.

17.

The insurance policy that Navigators issued to Plaintiff is policy number **NY23ILM0B11B4-01**. This insurance policy will henceforth be referred to as "<u>The Policy</u>".

Page 5 of 11

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle



18.

The relevant effective dates for the 2024 claim on the policy were February 16, 2023, until February 16, 2024. The Plaintiff could not renew the policy, at its expiration on February 16, 2024, because the equipment in question had been stolen.

19.

The Policy was issued to Hurricane Work, LLC, and signed in Louisiana on a Louisiana Insurance form.

20.

The Policy contained the following forms and endorsements:

| CL 100 | 03-99 | COMMON POLICY CONDITIONS |
| IM 7005 | 01-12 | SCHEDULE OF CVGS-CONTRACTORS' EQUIPMENT |
| ADDENDUM A EQUIPMENT SCHEDULE |
| IM 7000 | 04-04 | CONTRACTORS' EQUIPMENT COVERAGE SCHED-EQUIP |
| IM 7034 | 01-12 | TOOLS ENDORSEMENT |
| IM 7035 | 01-12 | EQUIPMENT LEASED OR RENTED TO OTHERS SCHED |
| IM 7013 | 04-04 | EQUIPMENT LEASED OR RENTED TO OTHERS ENDT |
| IM 7036 | 07-11 | EQUIPMENT LEASED OR RENTED FROM OTHERS SCHED |
| IM 7012 | 07-11 | EQUIPMENT LEASED OR RENTED FROM OTHERS ENDT |
| IM 7870 | 01-12 | SPLIT DEDUCTABLE ENDORSEMENT |
| IM 7039 | 07-11 | BELOW THE SURFACE OF THE GROUND EXCLUSION |
| IM 7902 | 01-12 | LOSS PAYABLE SCHEDULE |
| IM 7854 | 04-04 | LOSS PAYABLE OPTIONS |
| CL 0196 | 03-17 | AMENDATORY ENDORSEMENT-LOUISIANA |
| IM 2037 | 10-22 | AMENDATORY ENDORSEMENT-LOUISIANA |
| CL 0610 | 01-15 | CERTIFIED ACT OF TERRORISM EXCLUSION |
| CL 0700 | 10-06 | VIRUS OR BACTERIA EXCLUSION |

21.

The schedule of equipment attached to the policy listed all the equipment identified in Paragraph 11.

Page 6 of 11

File Date: 9/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

22.

After Navigators issued the reservation of rights letter sent September 26, 2024, contending that Plaintiff had no insurable interest in the equipment reported stolen. Plaintiff sued Navigators seeking a declaratory judgment in the United States District Court for the Western District of Louisiana determining that there is coverage for the equipment. The United States District Court for the Western District of Louisiana has not made a final determination that it has jurisdiction over the declaratory judgment action. Though the magistrate has, on a preliminary basis, found jurisdiction. For that reason, the allegations against Navigators made below are made alternatively, in the event that the Federal Court determines that it does not have jurisdiction.

23.

Plaintiff is entitled to a DECLARATORY JUDGMENT interpreting the insurance policy at issue determining that Plaintiff, in fact has an insurable interest in the equipment of its subcontractors scheduled in the policy, specifically including the equipment listed above in Paragraph 11, and that under the terms of the policy the equipment is insured against theft, which policy was in full force and effect on February 14, 2024.

24.

La. C.C.P. Art 1873 provides for the issuance of a DECLARATORY JUDGMENT, interpreting a contract, regardless of whether there has been a breach of the contract.

25.

Plaintiff is entitled to a DECLARATORY JUDGMENT interpreting the insurance policy at issue, determining that Plaintiff in fact, has an insurable interest in the equipment of its subcontractors scheduled in the policy, specifically including the equipment listed above in Paragraph 11. Under the terms of the policy the equipment is insured against theft, which policy was in full force, and effect on February 14, 2024.

26.

It is alleged alternatively that QUERBES & NELSON provided some or all the information that it had about Plaintiff's business to PEACHTREE and that the knowledge to PEACHTREE constituted knowledge to NAVIGATORS and NAVIGATORS knew that it was insuring the subcontractor equipment under Plaintiff's policy.

Page 7 of 11

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle



27.

It is alleged alternatively that QUERBES & NELSON was negligent and failed to provide sufficient information to PEACHTREE and/or NAVIGATORS for NAVIGATORS to issue a policy insuring the risk that Plaintiff contracted with QUERBES & NELSON to insure.

28.

It is alleged alternatively that QUERBES & NELSON provided sufficient information to PEACHTREE to understand the risk which was being insured, and PEACHTREE was negligent and failed to provide NAVIGATORS with sufficient information to issue a policy insuring the risk that Plaintiff contracted with QUERBES & NELSON to insure.

29.

After the reservation of rights letter was issued QUERBES & NELSON advised Plaintiff to start listing the subcontractors as insureds on its policy even though throughout the existence of the policy to that point QUERBES & NELSON had advised Plaintiff that this was not necessary.

30.

It is alleged that either QUERBES & NELSON or PEACHTREE, or both, were negligent in providing the earlier representation to Plaintiff that it was not necessary to name the subcontractors as additional insureds on the policy.

31.

La. Stat. Ann. § 22:1892 provides the following:

\*\*\*

I (2) Any one of the following acts, if knowingly committed or performed by an insured, claimant, or representative of the insured or claimant, constitutes a breach of the insured's duties imposed in Paragraph (1) of this Subsection:

I (2)(a) A failure to comply with affirmative contractual duties or obligations established in the insurance policy, including the duty to act in good faith in providing information regarding the claim, in making demands of the insurer, in setting deadlines, and in attempting to settle the claim.

I (2)(b) A misrepresentation of pertinent facts or insurance policy provisions relating to any coverages at issue.

Page 8 of 11

File Date:  6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk:  Maelynn Swindle



\*\*\*

32.

If it is determined that Navigators reservation of rights is correct, and there is no insurable interest in the lost equipment, then QUERBES & NELSON, and/or PEACHTREE, misrepresented the facts concerning insurance coverage under the policy, when Plaintiff was advised that it was not necessary to name the subcontractors as insured parties under the policy, and when they collected the premiums.

33.

The misrepresentation of the coverage under the insurance policy, has at least resulted in a delay of payment of the claim by Navigators, and may cause further damage if the claim is not paid.

34.

Plaintiff is entitled to a JUDGMENT AWARDING PENALTIES AND ATTORNEY FEES for the misrepresentation of the policy terms.

35.

In the alternative, if this there was no coverage for the equipment provided under the policy for the scheduled equipment, Plaintiff is entitled to reimbursement of the seven years of policy premiums, plus penalties and interest, be returned to Hurricane Work, LLC, without any further delay.

**WHEREFORE**, Plaintiff Hurricane Work, LLC, prays alternatively for relief in that the Court as follows:

1. If the United States District Court for the Western District of Louisiana determines that it has no jurisdiction  then Plaintiff prays that this Court enter a Declaratory Judgment under La. C.C.P. Art 1871-1873 determining that Plaintiff in fact, has an insurable interest, in the equipment of its subcontractors scheduled in the policy, specifically including the equipment listed herein, and that under the terms of the policy the equipment is insured against theft, which policy was in full force and effect on February 14, 2024;

Page 9 of 11

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

2. Of this Court or the United States District Court for the Western District of Louisiana
determines that there is no coverage for the claim under the policy then Plaintiff prays
for damages against QUERBES & NELSON and/or PEACHTREE in such an amount
as is reasonable and proper under the allegations set forth above including all benefits
which would be due under the policy if it provided the coverage that Plaintiff contracted
for.

3. and The Court award Plaintiff penalties and attorney fees under La. R.S. 22:1892 for
breach of the duty of good faith and fair dealing;

4. Alternatively, in the event that the Court determines that the contractors equipment
scheduled on the policy is not in fact covered, because Hurricane does not have an
insurable interest in the scheduled property, then Hurricane prays for judgment in favor
of Hurricane Work, LLC and against QUERBES & NELSON and/or PEACHTREE in
the amount of all premiums paid for the insurance policy from its inception in 2018
until it's expiration in 2024.

Respectfully submitted,

Martin K. Maley, Sr., La. Bar Roll No. 20933
Stephen M. Irving., La. Bar Roll No. 7170
William E. Maley, La. Bar Roll No. 41328
Maley Law Firm
PO Box 3154
Baton Rouge, LA  70821
Telephone: (225) 346-6781
Facsimile: (225) 346-6788
Email:  mkmaley@eatel.net
        Steve@steveirvingllc.com
        Mflegal_William@eatel.net
*Attorneys for Hurricane Work, LLC*

**PLEASE SERVE THE DEFENDANTS AS FOLLOWS:**

**QUERBES & NELSON, A PARTNERSHIP**
George D. Nelson, Jr.
PLEASE WITHOLD SERVICE FOR 90 DAYS

**NELSON HOLDINGS PARTNERSHIP**
George D. Nelson, Jr.
PLEASE WITHOLD SERVICE FOR 90 DAYS

**QUERBES & NELSON, INC**
*Through its agent for service of process:*

Page 10 of 11

A TRUE COPY ATTEST

DEPUTY CLERK 11TH JUDICIAL
DISTRICT COURT, SABINE PARISH, LA

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

George D. Nelson, Jr.
PLEASE WITHOLD SERVICE FOR 90 DAYS

**PEACHTREE SPECIAL RISK BROKERS, LLC**
*Through its agent for service of process:*
PLEASE WITHOLD SERVICE FOR 90 DAYS

**NAVIGATORS INSURANCE COMPANY**
*Through its agent for service of process:*
PLEASE WITHOLD SERVICE FOR 90 DAYS

Page 11 of 11

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle

RECEIVED AND FILED

2025 FEB 27 P 3: 43

SHELLY SALTER
CLERK OF COURT
SABINE PARISH

HURRICANE WORK, LLC          NUMBER: 73670          DIV:

v.                                                  11ᵗʰ JUDICIAL DISTRICT COURT

QUERBES & NELSON, A                                 PARISH OF SABINE
PARTNERSHIP, ET AL                                  STATE OF LOUISIANA

## PLAINTIFF'S MOTION TO AMEND CAPTION

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Hurricane Work, LLC, who respectfully represents it desires to amend the original Petition for Declaratory Judgment and Damages, as follows:

1.

Plaintiff re-alleges all of the allegations and contentions stated in the original Petition for Declaratory Judgment and Damages, with the following modifications adopted by reference with the same force and effect as if herein set forth at length.

2.

Plaintiff desires to correct the caption on the original pleading due to inadvertently putting the "8ᵗʰ Judicial District Court". Plaintiff seeks to correct the judicial district to read, "11ᵗʰ Judicial District Court".

3.

Leave of the court is not necessary to file this request to amend the caption because no answers has been filed, to date.

Wherefore, Plaintiff, Hurricane Work, LLC, prays that each and every allegation and prayer in the original Petition for Damages not amended by these pleadings be incorporated by reference in its entirety and for all relief requested in the original petition.

*[Signature on following page]*

Page 1 of 2

File Date: 6/6/2025 12:45 PM
Case Number: 73670
Sabine Parish, LA
Deputy Clerk: Maelynn Swindle



Respectfully submitted,

*(signature)*

Martin K. Maley, Sr., La. Bar Roll No. 20933
Stephen M. Irving., La. Bar Roll No. 7170
William E. Maley, La. Bar Roll No. 41328
Maley Law Firm
PO Box 3154
Baton Rouge, LA 70821
Telephone: (225) 346-6781
Facsimile: (225) 346-6788
Email:  mkmaley@eatel.net
        Steve@steveirvingllc.com
        Miflegal_William@eatel.net
*Attorneys for Hurricane Work, LLC*

<u>PLEASE WITHHOLD SERVICE AT THIS TIME:</u>

**QUERBES & NELSON, A PARTNERSHIP**
George D. Nelson, Jr.
207 Texas Street
Shreveport, LA 71101

**NELSON HOLDINGS PARTNERSHIP**
George D. Nelson, Jr.
207 Texas Street
Shreveport, LA 71101

**QUERBES & NELSON, INC**
*Through its agent for service of process:*
George D. Nelson, Jr.
207 Texas Street
Shreveport, LA 71101

**PEACHTREE SPECIAL RISK BROKERS, LLC**
*Through its agent for service of process:*
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

**NAVIGATORS INSURANCE COMPANY**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Ave
Baton Rouge, LA 70809

A TRUE COPY-ATTEST

*(signature)*

DEPUTY CLERK 11TH JUDICIAL
DISTRICT COURT, SABINE PARISH, LA

Page 2 of 2

Case Number: 073670 Transaction Date: 6/6/2025 Seq: 10 Page Sequence: 15

## NOTICE OF HEARING



HURRICANE WORK, LLC

VERSUS

QUERBES & NELSON, A PARTNERSHIP, ET AL

**Case: 73,670**

**Division:**

**11th Judicial District Court**
**Parish of Sabine**
**State of Louisiana**

TO: *TESSA P. VORHABEN*
      *400 POYDRAS STREET, SUITE 3150*
      *NEW ORLEANS, LA  70130*
      *9414 7266 9904 2230 5213 43*

Parish of SABINE

    **YOU ARE HEREBY NOTIFIED** that the above numbered and captioned case has been set down for

Hearing on **AUGUST 13, 2025**, at **9:00 A.M.**, all as set out in a certified copy which is attached hereto and

made a part hereof.

    **WITNESS THE HONORABLE JUDGES** of said Court, on this the 12TH day of JUNE, 2025.

Atty:

    *Shelly Salter*
    *Clerk of Court*

**THIS IS TO CERTIFY** that
this Notice was MAILED
to the above person(s)on the
12TH day of JUNE, 2025.

*By: Clerk of Court*

*Shelly Salter, Clerk of Court*

## *RULE TO SHOW CAUSE*

*HURRICANE WORK LLC*

*Versus*

*QUERBES & NELSON, A PARTNERSHIP, ET AL*



*Case: 073670*
*Division:*
*11th Judicial District Court*
*Parish of Sabine*
*State of Louisiana*

TO:  *HURRICANE WORK LLC*
      *THROUGH COUNSEL OF RECORD*
      *MARTIN K. MALEY, SR.*
      *MALEY LAW FIRM*
      *4707 BLUEBONNET BLVD., SUITE B*
      *BATON ROUGE, LA  70809*

*Parish of EAST BATON ROUGE*

You are hereby cited to show cause in the District Court Room at the Court House in the City of Many,

Louisiana, on the 13TH day of AUGUST, 2025, at 9:00 A.M. why the rule issued by the Judge of said Court

under date of JUNE 6, 2025 a certified copy whereof is hereto attached, should not be made absolute.

**WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE** at Many, Louisiana, on this the 12TH day of

JUNE, 2025.

*Shelly Salter*
*Clerk of Court*

_____
*By: Clerk of Court*

## *SERVICE INFORMATION*

__Moved, address unknown        __Moved, served at new address of _____
__Moved out of parish              __Address not in Sabine Parish          __Does not live at address given
__Vacant Residence                 __Vacant Lot                                     __No such address
__Not known at this address     __Need physical address                  __Received too late for service
__Deceased                             __Other                                         __Request to hold service by_____

Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____
Attempted service date/time/note: _____

__PERSONALLY served on date:_____

__DOMICILIARY served on date: _____ Served upon _____ Relationship: _____

__MILEAGE one way _____

__ UNABLE TO LOCATE after a due and diligent search on date: _____
_____
_____

Recipient _____        Deputy Sheriff _____
                                                            *Sabine Parish Sheriff's Department—Louisiana*

[ FILED COPY ]

## *RULE TO SHOW CAUSE*

| | | |
|---|---|---|
| *HURRICANE WORK LLC* | | *Case: 073670* |
| | | *Division:* |
| *Versus* |  | *11th Judicial District Court* |
| | | *Parish of Sabine* |
| *QUERBES & NELSON, A PARTNERSHIP, ET AL* | | *State of Louisiana* |

*TO:  NAVIGATORS INSURANCE COMPANY*
*      THROUGH COUNSEL OF RECORD*
*      THOMAS L. COLLETTA, JR.*
*      LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD*
*      601 POYDRAS STREET, SUITE 2775*
*      NEW ORLEANS, LA  70130*

*Parish of ORLEANS*

*You are hereby cited to show cause in the District Court Room at the Court House in the City of Many,*

*Louisiana, on the 13TH day of AUGUST, 2025, at 9:00 A.M. why the rule issued by the Judge of said Court*

*under date of JUNE 6, 2025 a certified copy whereof is hereto attached, should not be made absolute.*

***WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE*** *at Many, Louisiana, on this the 12TH day of*

*JUNE, 2025.*

*Shelly Salter*
*Clerk of Court*

_____

*By: Clerk of Court*

## *SERVICE INFORMATION*

__Moved, address unknown     __Moved, served at new address of _____

__Moved out of parish     __Address not in Sabine Parish     __Does not live at address given

__Vacant Residence     __Vacant Lot     __No such address

__Not known at this address     __Need physical address     __Received too late for service

__Deceased     __ Other     __Request to hold service by_____

*Attempted service date/time/note: _____*
*Attempted service date/time/note: _____*
*Attempted service date/time/note: _____*
*Attempted service date/time/note: _____*

__*PERSONALLY served on date:*_____

__*DOMICILIARY served on date:* _____ *Served upon* _____*Relationship:* _____

__ *MILEAGE one way* _____

__ *UNABLE TO LOCATE after a due and diligent search on date:* _____

_____

*Recipient* _____     *Deputy Sheriff* _____
                                         *Sabine Parish Sheriff's Department—Louisiana*

[ FILED COPY ]