UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HURRICANE WORK L L C | CIVIL ACTION NO. 25-cv-842 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| QUERBES & NELSON ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Hurricane Work, LLC ("Plaintiff") purchased an insurance policy from Navigators Insurance Company ("Navigators"). Plaintiff filed a claim for loss of equipment by theft, and Navigators did not pay the claim. Plaintiff filed a civil action in this court (based on diversity jurisdiction) against Navigators for a declaratory judgment and damages.[1] That case is before Judge Doughty, and Navigators has filed a motion for summary judgment that challenges coverage.

Several weeks after Plaintiff filed the federal suit, Plaintiff filed this civil action in state court against four companies that are alleged to be the insurance producers or agents associated with Plaintiff's purchase of the Navigators policy. Plaintiff alleged that, if the federal court determines there is no coverage under the policy, the agents/producers should be held negligent for failing to provide a policy that covered the loss of the equipment. The state court petition also named Navigators as a defendant, in an alternative claim asserted only in the event the federal court in the original case were to find that it lacked jurisdiction.

---

[1] Hurricane Work, LLC v. Navigators Insurance Company, 24-cv-1756.

Navigators (a citizen of New York and Connecticut) removed this case based on an assertion of diversity of citizenship between itself and Plaintiff (a Louisiana citizen). It argued that the Louisiana citizenship of any agent defendants should be ignored based on the improper joinder doctrine because all claims against the agent defendants are untimely under a Louisiana statute, La. R.S. 9:5606, that establishes limitations periods for claims against insurance agents. Before the court in Plaintiff's Motion to Remand (Doc. 19) that challenges the improper joinder plea. For the reasons that follow, it is recommended that the motion be granted, and that this case be remanded to state court.

**Improper Joinder**

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit uses the term "improper joinder" to describe the doctrine. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse parties in state court. Smallwood, 385 F.3d at 573. Only the second way is argued in this case. To prevail, the removing defendant must show that there is no

reasonable basis for the district court to predict the plaintiff might be able to recover against the non-diverse defendants. Id.; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).

**The Limitations Defense**

Navigators argues that the agent defendants were improperly joined because any claims against them are untimely under La. R.S. 9:5606.[2] The statute provides that an action for damages against an insurance agent or similar licensee that arises out of an engagement to provide insurance services must be filed within one year from the date of the alleged act or omission, or within one year from the date the alleged act or omission is discovered or should have been discovered, but in no event later than within three years from the date of the alleged act or omission.

Plaintiff filed this suit in state court on February 13, 2025. Navigators characterizes the petition as alleging a negligent act that occurred in 2018 when the agent defendants allegedly failed to advise Plaintiff to procure insurance that would cover the equipment at

---

[2] La. R.S. 9:5606 - Actions for professional insurance agent liability
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

issue, rendering the claims perempted on the face of the petition. Plaintiffs in similar circumstances often point to renewals of the policy as restarting the limitations period, but renewals do not operate to restart the limitations period unless there is a separate and distinct act, such as a request for additional or specific coverage at the time of renewal. The inquiry is whether the actions of the agent at the time of renewal can be construed as an act separate from the initial policy procurement. Sitaram, Inc. v. Bryan Ins. Agency, Inc., 104 So. 3d 524, 530 (La. App. 2d Cir. 2012).

This court need not delve into the timeliness defense. Remand is required because Navigators' improper joinder plea attacks the merits of all claims against all of the meaningful defendants. Improper joinder is appropriate only to preclude consideration of the citizenship of a sham defendant who was added to destroy diversity, not to decide the merits of the claims against all defendants. As explained below, the agent defendants are the only actual defendants, and Navigators is a mere nominal defendant with no actual claim asserted against it in this action.

**The Petition**

    **A. The Parties and Their Citizenship**

Plaintiff, a citizen of Louisiana (Doc. 13), named five defendants in its petition:

1. Querbes & Nelson, A Partnership (Louisiana citizen)
2. Nelson Holdings Partnership (Louisiana citizen)
3. Querbes & Nelson, Inc. (Louisiana citizen)
4. Peachtree Special Risk Brokers, LLC (Florida citizen; Doc. 16)
5. Navigators Ins. Co. (New York and Connecticut citizen; Doc. 18)

The petition refers to the first three defendants collectively as "Querbes & Nelson" and describes them as successors or related companies that are insurance producers or agents. Those entities have not appeared and stated their citizenship, but Navigators and Plaintiff assume that the Querbes & Nelson defendants have Louisiana citizenship, and the Louisiana Secretary of State's records indicate that Querbes & Nelson, Inc. is incorporated in Louisiana, so the court will consider them to share Plaintiff's Louisiana citizenship. Petition, ¶ 2.

The petition alleges that Querbes & Nelson purchased the policy "through an entity represented to be an agent of Navigators, Defendant Peachtree." Petition, ¶ 2. Peachtree has appeared and identified itself as a citizen of Florida. Doc. 16. Because Peachtree does not share Plaintiff's Louisiana citizenship, it is not necessary to diversity jurisdiction to show that Peachtree was improperly joined. Navigators nonetheless argues that "Plaintiff's claims against Querbes & Nelson and Peachtree are perempted, and there is no chance of recovery against those defendants." Doc. 23, pg. 2.

**B. The Claims Against the Agents**

Plaintiff alleged that it contracted with Querbes & Nelson, beginning in approximately 2018, to purchase insurance for its business, which is headquartered in Louisiana but does business only in Puerto Rico. Plaintiff is a contractor that provides services that include the cleanup of debris from natural disasters. Querbes & Nelson was "fully informed about Plaintiff's business operations," and the agent was specifically told that Plaintiff used subcontractors to perform all or part of its work. Plaintiff expressly purchased a policy from Navigators under which equipment belonging to those

subcontractors could be insured as scheduled equipment. Querbes & Nelson assured Plaintiff that (1) the policy provided coverage for equipment that belonged to Plaintiff's subcontractors and (2) there was no need to name the subcontractors as additional insureds if the equipment was on the policy schedule. Petition, ¶¶ 3-4.

The policy included certain forms and endorsements, including IM 7000 regarding contractors' equipment coverage for scheduled equipment. ¶ 20. The Navigators policy listed several pieces of heavy equipment on a schedule. The policy was "renewed each year after 2018 and was in effect on February 14, 2024," and the equipment scheduled in the policy was changed from time to time. Plaintiff relied on the representations of Querbes & Nelson that the policy provided coverage for the listed equipment. ¶ 3.

The Navigators policy contained a clause under the heading "Covered Property" that stated that "Scheduled Equipment" included equipment belonging to subcontractors was covered. ¶ 6. Another section of the policy stated that it insured only Plaintiff's "insurable interest" in the equipment. ¶ 7. Querbes & Nelson knew that the subcontractors were not named as additional insureds and owned some of the equipment that was listed on the policy schedule. ¶¶ 6-8.

A subcontractor discovered on February 14, 2024 that certain scheduled items of heavy equipment worth more than $1,000,000 had been stolen from one of Plaintiff's Puerto Rico job sites. ¶¶ 9-11. The schedule of equipment attached to the policy listed all of the items that were stolen. ¶¶ 17-21. The claim was reported to Navigators, and the insurer issued a reservation of rights letter to Plaintiff that reserved the right to deny the

claim. The letter asserted that Plaintiff did not have an insurable interest in the stolen equipment. ¶ 9.

Plaintiff alleged in Paragraph 22 of its petition that it had earlier filed a declaratory judgment action against Navigators in this court seeking a declaration that there is coverage for the loss of the equipment. See Hurricane Work, LLC v. Navigators Insurance Co., 24-cv-1756 (TAD/MLH). Plaintiff stated that the allegations made against Navigators in this second suit are "made alternatively, in the event that the Federal Court determines that it does not have jurisdiction" over the first-filed suit. ¶ 22. Plaintiff then repeated its request for a declaratory judgment holding that the policy provides coverage for the losses at issue. ¶¶ 23-25.

Plaintiff alleged that Querbes & Nelson provided Peachtree with information about Plaintiff's business, including Plaintiff's use of subcontractors' equipment and the need to insure that under the policy. ¶ 26. Querbes & Nelson were alternatively alleged to have been negligent for failing to provide sufficient information to Peachtree and/or Navigators for the insurer to issue a policy that insured the risk that Plaintiff contracted with Querbes & Nelson to insure. ¶ 27. In yet another alternative, Querbes & Nelson is alleged to have provided sufficient information to Peachtree to understand the risk, but Peachtree was negligent and failed to provide that information to Navigators. ¶ 28.

After Navigators issued its reservation of rights letter, Querbes & Nelson advised Plaintiff to start listing the subcontractors as additional insureds on its policy. Querbes & Nelson had previously advised that this was not necessary. Querbes & Nelson, Peachtree,

or both were negligent in providing the earlier representations to Plaintiff that it was not necessary to name the subcontractors as additional insureds. ¶¶ 29-30.

Plaintiff also asserts a claim against Querbes & Nelson and Peachtree based on La. R.S. 22:1892, which allows for statutory penalties and attorneys fees in certain situations related to insurance claims. Plaintiff also asks that, if it is determined that the policy affords no coverage, Plaintiff be reimbursed the seven years of policy premiums it has paid. ¶¶ 31-35.

**Navigators' Limited Role in this Case**

Plaintiff's coverage claims against Navigators are fully presented in the original suit before Judge Doughty. Plaintiff makes clear that the listing of Navigators as a defendant in this suit is protective in nature, only in the event the federal court were to determine that it lacked jurisdiction over the first suit. But there does not appear to any risk of that happening. There is no dispute that there is complete diversity of citizenship in the first case between Plaintiff (Louisiana) and Navigators (New York and Connecticut), and the amount in controversy is in excess of $1,000,000.

It is not uncommon for a plaintiff who files a diversity case in federal court to also file a "protective" suit in state court. That is because, in part, Louisiana law provides that prescription is interrupted by filing suit in a court of competent jurisdiction. La. Civ. Code art. 3462. If the suit is filed only in federal court, and that court dismisses for lack of jurisdiction, prescription may not have been interrupted by the filing of the complaint. Tally v. Lovette, 332 So.2d 924 (La. App. 3rd Cir. 1976) (filing suit in a federal court that lacked jurisdiction did not interrupt prescription).

Experienced practitioners are aware of that risk and know that, even when diversity looks to be a sure thing, it may be learned after the suit is filed (and the prescription deadline has passed) that diversity did not exist because there was an one unknown fact such as the existence of a non-diverse LLC member, a pre-suit change in a corporation's principal place of business, or a pre-suit change in the domicile of an individual party. If the federal court were to dismiss such a civil action because it lacked subject matter jurisdiction, then the protective suit in state court protects the plaintiff from being left without the ability to pursue a timely claim.

Many such protective suits were, at one time, not even served unless diversity unraveled in federal court. The practice is less common since Louisiana adopted the rule that a plaintiff must serve a defendant within 90 days after suit is filed. Diversity plaintiffs who wish to avoid the prescription-interruption risk these days tend to file suit in state court (sometimes inviting removal by including an allegation that the amount in controversy is sufficient to support federal jurisdiction) and await removal by the defendant. If the federal court later determines that there is not diversity of citizenship, then the case is simply remanded, and the plaintiff can continue to pursue its claims in state court without risk of timeliness problems.

The state court petition filed by Navigators in this case serves a dual purpose. The first and principal purpose is to assert negligence claims against the agents that were involved in Plaintiff's acquisition of the policy. The second is for Plaintiff to make a nominal/protective claim against Navigators that will be pursued only in the event the federal court were to determine that it lacks subject matter jurisdiction over the original

declaratory judgment action. That event appears highly unlikely, so the only actual, ripe claims being pressed in this action are between Plaintiff and the agent defendants.

**Improper Joinder is Inapplicable**

Navigators, the only removing defendant, does not argue that any particular defendants were improperly joined as sham defendants to destroy diversity. Instead, Navigators argues that all claims against all four of the agent defendants lack merit because they are untimely. Such a general attack on the merits of a case is not a sound basis for an improper joinder plea.

"Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Smallwood, 385 F.3d at 573. When the ground for improper joinder applies to all defendants, "it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper." Id. at 574. "[T]he burden on the removing party is to prove that the joinder of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction." Id. at 575. "A showing that the plaintiff's case is barred as to all defendants is not sufficient." Id. "When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." Id.

The removing defendant has raised a common defense and launched a wholesale attack on the merits of all claims against all of the defendants (both Louisiana and Florida

Page 10 of 13

citizens) against whom ripe claims are asserted. That argument does not support a plea that the Louisiana agent defendants were improperly joined as sham defendants to defeat diversity. The argument attacks the entire case, less only the alternative/nominal claim against Navigators that has no realistic prospect of ripening into an actual claim. This is not a proper case for the assertion of improper joinder. Birdsong v. B & D Operating Co. Inc., 2025 WL 1742646, **8-9 (W.D. La. 2025) (general attacks on the merits that apply to all defendants, not just the non-diverse or in-state defendants, do not support an improper joinder plea).

The common defense exception to improper joinder is often said to apply only when the common defense (e.g., limitations) is equally dispositive of all defendants. It is true that defendant Navigators does not argue that the "claim" against it is not subject to the same defense raised with respect to the agents, but this is a unique case where Navigators' presence as a defendant is in name only as a precaution against a prescription issue, and there are no facts to indicate that the prescription issue may come to fruition and ripen the claim.

If this court were to proceed with the improper joinder analysis and determine that the claims against the agent defendants were untimely, it would dismiss the agent defendants without prejudice,³ and there would be nothing of substance left of this case. Plaintiff's motion to remand should be granted, and this case should be remanded to state

---

³ The appropriate action when a defendant has been improperly joined is to dismiss all claims against that defendant without prejudice. International Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 210 (5th Cir. 2016).

court to allow that court to decide the timeliness defense and other aspects of the claims between the Louisiana plaintiff and the Louisiana and Florida agent defendants.[4]

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 19) be granted, and that this case be remanded to the Eleventh Judicial District Court, Sabine Parish, Louisiana.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

---

[4] Even if the court reached the improper joinder plea, Navigators would face a heavy burden. Improper joinder ordinarily tests the claims against a defendant under a Rule 12(b)(6)-type analysis. Navigators' only challenge to the viability of the claims against the agents is based on a statute of limitations, which is an affirmative defense that "places the burden of proof on the party pleading it." Frame v. City of Arlington, 657 F.3d 215, 239 (5th Cir. 2011) (en banc). "Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." Alexander v. Verizon Wireless Servs, LLC, 875 F.3d 243, 249 (5th Cir. 2017). The improper joinder review incorporates the federal pleading requirements. International Energy Ventures, 818 F.3d at 200-208. Under those federal pleading requirements, "a plaintiff is not required to allege that his claims were filed within the applicable statute of limitations." Frame, 657 F.3d at 239-40. Thus, Navigators would have to show that Plaintiff's claims against the agents are plainly untimely on the face of the petition, keeping in mind that Plaintiff had no obligation to plead facts that demonstrated timeliness.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of September, 2025.

Mark L. Hornsby
U.S. Magistrate Judge